McKiNNey, J.,
delivered the opinion of the court.
This was an action for “unlawful entry and detainer,” commenced before three justices of 'the peace.
• In the warrant, the complaint is stated to have been made by Adam "Winningham, administrator of the estate of Thomas Payne, deceased. The plaintiff recovered by the judgment of the justices and an appeal was prosecuted *171 by the defendant to the - circuit court. In that court the defendant moved to quash the warrant and the motion was sustained and the warrant quashed. The plaintiff thereupon moved for leave to amend the warrant, which motion was refused.
The record is silent as to the ground upon which the warrant was quashed. It is said, however, to have been for the reason, that the plaintiff sued as administrator of Payne; and that, by law, an action for unlawful entry and detainer cannot be maintained by him in his representative capacity. This is by no means' universally true.- If the estate be merely a chattel interest, as a lease, or term for years, it is regarded as personal estate, and is governed and descendible in the same manner, and does not go to the heir at law, but to the personal representative; consequently for a forcible or unlawful entry and detainer, if the cause of action accrued in the lifetime of the intestate, the administrator should sire in his representative capacity; and if the cause of action accrued after the death of the intestate, he might perhaps sue in his representative capacity or in his own name.
In the present case, there is nothing in the record, showing the nature or quantity of the estate. The objection, therefore, could not properly be taken by motion to quash, admitting the estate were a freehold which descended to the heir at law; this was matter of defense upon the trial, if not previously taken advantage of, by plea in the proper mode. The motion to quash must be founded upon some matter apparent upon the face of the record. The court could not be informed, in the present case, by any thing upon the record, whether the estate in question was a freehold which descended to the *172 heir or merely a chattel real wbicb passed to the administrator.
But, admitting the motion to quash to have been properly allowed, we think the motion to amend ought to have been allowed. We have held that where a suit was brought in the name of one for the use of another, it was allowable to amend by striking out the name of the nominal plaintiff. Regarding the words “administrator of the estate of Thomas Payne, deceased,” as descriptive of the person merely, and this the motion for leave to amend assumes, we see no objection to allowing the motion; and in refusing it, we think there is error.
Judgment reversed.