## HURT *v.* FISHER.

### (*Jackson.*    April 30,  1896.)

ACTION.   *By distributees maintainable without administration.*

Where there are no debts the distributees can, without administration, maintain an action, either at law or in equity, to recover the assets of an estate for distribution.

Cases cited and approved: Christian *v.* Clark, 10 Lea, 638; Brandon *v.* Mason, 1 Lea, 616; Denning *v.* Todd, 91 Tenn., 422.

Cases cited and distinguished: Trafford *v.* Wilkinson, 3 Tenn. Chy., 451; Thurman *v.* Shelton, 10 Yer., 385; Clark *v.* Clark, 3 Hay., 23.

### FROM  MADISON.

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

TOMLIN & ROGERS for Hurt.

ROBT. W. HAYNES and HAYS & BIGGS for Fisher.

MCALISTER, J.   This bill was filed in the Chancery Court of Madison County, for a settlement of the estate of Mrs. E. S. Martin. The intestate died in 1873, leaving a valuable personal estate. W. A. Wood qualified as her administrator. The latter died in 1893, and the defendants, F. B. Fisher and W.

A. Ballew, qualified as his executors. The present bill was filed by the administrator *de bonis non* of Mrs. Martin's estate and by certain distributees, against the executors of Wood and the sureties on his administration bond, for a settlement and distribution. To this bill demurrers were filed, but, before they were heard, one W. T. Jenkins, who had been made a defendant, asked to be made a party complainant, and filed an amended and supplemental bill, on which he alleged that his father, A. H. Jenkins, as distributee of Mrs. Martin, was entitled to one-fourth of her estate; that his father died intestate in 1874, leaving a widow, and that complainant and said widow, as distributees of said A. H. Jenkins, deceased, were each entitled to one-eighth of Mrs. Martin's estate.

The bill prayed for an accounting, distribution, and decree. A demurrer was interposed by defendants to this amended and supplemental bill, in which several grounds were assigned. One of the assignments of demurrer was, that "only the administrator of A. H. Jenkins, the father of complainant, can have or maintain a suit for the distributive share due A. H. Jenkins' estate, and no administrator of said A. H. Jenkins is shown to have been appointed." The Chancellor sustained this ground of demurrer and dismissed the bill. Complainant, W. T. Jenkins, appealed.

The only question presented for determination upon the record is, whether the distributee can re-

cover personal assets due the intestate without the intervention of an administrator of the intestate, it affirmatively appearing that there are no creditors of the latter. The general rule has been settled for some time in this State that distributees cannot recover their distributive portions without an administration on the estate of the intestate. *Clark* v. *Clark*, 3 Hay., 23; *Thurman* v. *Shelton*, 10 Yer., 385. This rule has been held to apply alike to suits at law and in equity, as no Court, through its instrumentality, can allow parties to recover property when they would themselves thereby become executors *de son tort*, which implies a wrongful interference with the property of the intestate, per Wright, Judge, in *Brown* v. *Bibb*, 2 Cold., 439. The reason of the rule is that creditors have a prior right to satisfaction out of these assets, and the personal representative is a trustee for them as well as for the beneficiaries. *Brandon* v. *Mason*, 2 Lea, 628. As said in another case, the distributees of a decedent have no right of action as such for the personal estate of the decedent, the right of action being exclusively in the personal representative. The reason is, the distributee has no title to such property, but only to the surplus remaining after the payment of debts to be acquired through a personal representative. *Trafford* v. *Wilkinson*, 3 Tenn. Ch., 451.

Complainant seeks to remove this cause from the general rule by the allegation that there are no outstanding liabilities against the estate of A. H.

Hurt *v*. Fisher.

Jenkins. This phase of the question was presented in the case of *Denning* v. *Todd*, 91 Tenn., 422, but its decision was pretermitted by the Court. The question reserved in that case was thus formulated, viz.: Can next of kin of an intestate recover the personal assets of his estate from a party wrongfully withholding and wasting them, without the appointment of an administrator, there being no debts against the estate? As the judgment in that case was rested upon another ground, it was deemed unnecessary to decide this question. In the case of *Christian* v. *Clark*, 10 Lea, 638, Judge Cooper remarked, viz.: "The principal reason of the rule for requiring the assent of a personal representative is the protection of creditors, and the objection of the want of such a representative becomes merely technical where it is obvious there are no creditors." Citing *Brandon* v. *Mason*, 1 Lea, 616.

It affirmatively appears, from the allegations of the present bill, that there are no creditors, and the demurrer, of course, admits this allegation to be true. There can be no reason, in such a case, for the intervention of a personal representative, and we therefore hold that the suit may be prosecuted directly by the distributee.

The decree of the Chancellor is reversed, and the cause remanded for further proceedings.