Byrd *v.* Pioneer-Jellico Coal Co. *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

Howard H. Baker, of Huntsville, and Joe M. Carden, of LaFollette, for plaintiff in error Zora Byrd.

Grimm & Tapp, of Knoxville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

July 1st, 1932, Byrd recovered a judgment for compensation benefits against Pioneer Company and G. T. Fielden of $5 a week for 550 weeks, dating from his injury, on March 11th, 1931. The amount due as of the date of the judgment was $340. Of this $272 was credited at the time to the defendant on an account for groceries and merchandise, and $68 paid on attorney fees. Nothing more appears to have been collected on this judgment.

In May, 1942, Zora Byrd filed her affidavit with the Clerk of the Court in this case setting out that Byrd died intestate on March 20th, 1938, leaving surviving him affiant, his widow, and eight named children, his heirs at law, and that the judgment remained wholly unsatisfied. She, as widow and natural guardian of these children, moved the court for a *scire facias* to revive the judgment. The *scire facias* issued to Knox County and was served on defendant Fielden September 9th, 1942, who interposed a demurrer to the writ, on several grounds, two of which were sustained by the Circuit Judge and the writ dismissed. Zora Byrd appeals.

The substance of the first ground of demurrer sustained by the trial judge is that liability of defendants under the judgment for weekly payments of compensation to Byrd extended only to such payments as accrued before his death, on March 20th, 1938.

We do not understand that this is here controverted. It appears to have been held that recovery can be had on a periodic award of compensation for only so much of the award as has accrued up to the death of the employee. *Marshall* v. *South Pittsburg Lumber & Coal Co.,* 164 Tenn., 267, 47 S. W. (2d), 553, approving *Bry-Block Mercantile Co.* v. *Carson,* 154 Tenn., 273, 277, 288 S. W., 726.

The substance of the second ground is that Zora Byrd, as widow and natural guardian of the children and heirs at law of Byrd, is not entitled to revive the judgment; that only an administrator may do so. This is the determinative question presented.

It must be borne in mind that (1) we are dealing with a demurrer, which admits all allegations of the pleading and is subject to the general rule that demurrers are not favored and will be overruled if, by any fair and reasonable intendment, the pleading challenged states, however inartificially, a good case. Also, that this court has said that, in these compensation cases, "broadly speaking, the procedure resembles that of a suit in equity," and "the policy of the courts in construing these statutes seems to be to get away from technical pleading," etc. *Hartwell Motor Co.* v. *Hickerson,* 160 Tenn., 513, at page 525, 26 S. W. (2d), 153, at page 157.

It appears from this informal pleading that we have before the court the parties, and the only parties, entitled to this fund, of which they, the wife and children of the deceased, for whose support the allowance was in part provided by the Compensation Act, have long been deprived. Consistently with the rules above noted, no technical question should be entertained as to the right of this widow and mother-guardian to move for this writ. Enough appears to justify the court in recognizing her right to act for and represent, for the purposes of this motion, herself and her children, of whom she is natural guardian, as the sole distributees of the deceased, with respect to this fund. For instance, it is said that the affidavit does not affirmatively assert that the children are minors. On demurrer we may fairly assume that they are such, in view of the assertion that the affiant-

mother is their natural guardian, an allegation inconsistent with the view that they have reached majority.

It is said that it is not affirmatively shown that there are no creditors, and that, therefore, the claim may be prosecuted only by and through an administrator. *Hurt* v. *Fisher*, 96 Tenn., 570, 35 S. W., 1085, is cited. In that case it was held that when it appeared that there were no creditors, administration was unnecessary, and distributees entitled to a fund might proceed directly without administration. Now in that case this did appear affirmatively from an allegation in the bill. But we think, in view of the lapse of time, the non-intervention, or appearance, of creditors, it might be held, as against a demurrer, that there are no creditors, but we think the principle announced in *Hurt* v. *Fisher* applies for another reason. That principle was stated by Judge COOPER in *Christian* v. *Clark*, 78 Tenn., 630, 638, (quoted with approval in *Hurt* v. *Fisher*) as follows: "The principal reason of the rule for requiring the assent of a personal representative is the protection of creditors, and the objection of the want of such a representative becomes merely technical where it is obvious that there are no creditors," citing *Brandon* v. *Mason*, 69 Tenn., 615, 616.

Now in this case there can be no creditors with claims superior to those of these defendants. Code, Section 6869, provides that "no claim for compensation under this chapter shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors." While the precise situation now presented has not heretofore been dealt with by this court, we think the liberal construction to be given all provisions of the Compensation Law enacted for the protection of the injured employee and those dependent upon him, in

order that they may not become an economic burden upon society, requires that we hold that that portion of an award made to an employee with dependents, which had accrued, and was due and unpaid at his death, should be "exempt from claims of creditors."

In *Gregg* v. *New Careyville Coal Co.*, 161 Tenn., 350, 352, 31 S. W. (2d), 693, construing this Code section, it was held that an employee could not himself bindingly assign his compensation award in payment of antecedent debts, since this would defeat the design of the act which was "to relieve society of an economic burden through its provisions for the injured employee and those dependent upon him" and that the Code section above quoted was "intended to prevent diversion of the compensation to objects beyond the purposes of the Act." Now, certainly it can not be denied that, if the accrued but unpaid balance of a compensation award, upon the death of an employee could be seized by creditors, and his dependent widow and children be deprived of it, the purposes of the Act would be defeated. It, therefore, follows that the general language of Section 6869, "all compensation and claims therefor shall be exempt from claims of creditors," must be construed to apply to the "claims therefor" of these dependents. If it be said that, taken literally, this language of the statute protects the employee only to whom the award has been made, it must be remembered that, "an old and familiar rule in the exposition of statutes is that the reason and intention of the law, when obvious, will prevail over the literal sense of the words." *Sands* v. *Brock Candy Co.*, 171 Tenn., 235, 244, 101 S. W. (2d), 1113, 1117, a compensation case, to which class of cases this rule has peculiar application.

Just as by statute (Code, Section 8456) it is provided that proceeds of insurance upon the life of a husband

payable to his estate, passes to the widow and children exempt from the claims of his creditors, so here this fund, primarily that of the husband and father, and of his estate, passes to his widow and children as his lawful distributees "exempt from claims of creditors."

We conceive the construction we give this statute to be called for by the inherent nature of the fund in question, its basic origin, created as it is to meet an economic social demand. To permit this fund to be diverted from this necessary purpose, the support of those who have been by accident rendered dependent thereon would violate the spirit both of the contract out of which it arises, and the law which governs its distribution.

Reversed and remanded for further proceedings.