## MOSIER v. LUCAS.—207 S. W. (2d) 1021.

Middle Section. November 1, 1947.

Petition for Certiorari denied by Supreme Court, January 16, 1948.

Bailey & Powell and Dunn & Davis, all of Nashville, for plaintiff in error.

Hume, Howard & Davis, of Nashville, for defendants in error.

HICKERSON, J. Lydell Grizzard Mosier died on March 13, 1946, as a result of injuries which he received in an automobile accident on March 11, 1946. He was nineteen years old, unmarried, and left no children. His father, B. B. Mosier, and his mother, Mrs. B. B. Mosier, survived him as his sole next of kin. Code, Section 8389(4).

B. B. Mosier, in his individual capacity, brought suit against Earl T. Lucas and William E. Halpin to recover damages for the alleged wrongful death of his son. No administrator of his son's estate was appointed. In his declaration, B. B. Mosier fully stated the facts and circumstances which caused the death of his son.

On the trial of the cause, B. B. Mosier testified as the first witness, that his wife, the mother of deceased, survived their son. Thereupon, defendants moved for a directed verdict on the ground that the suit had to be brought in the names of all the next of kin; that B. B. Mosier and Mrs. B. B. Mosier were the sole next of kin under the undisputed facts; and that B. B. Mosier, as one of the next of kin, could not maintain the suit.

Before the motion for directed verdict was acted upon, plaintiff moved to amend his pleadings so as to make Mrs. B. B. Mosier a party plaintiff. The effect of the proposed amendment was to make the sole next of kin parties plaintiff to the suit.

The court overruled the motion to amend on the ground that the suit of the mother was barred by the statute of limiations of one year, and the amendment could serve no purpose.

The motion for directed verdict was sustained on the ground that one of the next of kin had no right to maintain the suit; that it must be brought in the names of all the next of kin.

Plaintiff prosecuted his appeal in the nature of a writ of error to this court to review the judgment against him.

The assignments present two questions for our determination: (1) Did the court erroneously direct a verdict for defendant? (2) Did the court commit reversible error when he refused to permit the amendment which would have made all the next of kin of the deceased parties plaintiff to the suit?

The survival statutes in this state are:

Code, Section 8236: ''Right of action for wrongful injuries resulting in death or for wrongful killing does not abate ,but passes to whom.—The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the

benefit of his widow or next of kin, in either case free from the claims of creditors.''

Code, Section 8237: ''How suit is prosecuted.—The action may be instituted by the personal representative of the deceased or by the widow in her own name, or, if there be no widow, by the children of the deceased or by the next of kin; also, without the consent of the personal representative, either may use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his own individual name to the prosecution bond.''

A suit to recover damages for personal injuries must be brought within one year after the ''cause of action accrued.'' Code, Section 8595.

A suit to recover damages for personal injuries resulting in death must be brought within one year from the date of the injuries. Whaley v. Catlett, 103 Tenn. 347, 53 S. W. 131.

The suing out of a summons is the commencement of an action. Code, Section 8571.

Code, Sections 8236 and 8237, have been construed to mean, ''That any kinsman of the decedent, who would take as distributee in case of intestacy, has the right to bring the action (for personal injuries resulting in death) in his own name.'' Tenn. Procedure in Law Cases, by Higgins and Crownover, 119, section 332(3).

Code, Section 8713, provides: ''No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings, but the courts shall have power to change the form of action, strike out or insert in the writ and

pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow all proper averments to be supplied, upon such terms as to continuances as the court, in its sound discretion, may see proper to impose.''

■■ Where a suit is commenced to recover damages for a wrongful death by a proper and necessary party before the suit is barred by the statute of limitations, an amendment offered after the statute of limitations has barred the suit, which adds a necessary party plaintiff, will relate back to the filing of the original summons if the addition of the new party did not change the original cause of action, nor introduce a new cause of action. Love v. Southern R. Company, 108 Tenn. 104, 65 S. W. 475, 55 L. R. A. 471; Whitson v. Tennessee Central Railway Company, 163 Tenn. 35, 40 S. W. (2d) 396; 16 Am. Jur., 202, Death, section 290; Holmes v. Pennsylvania Railway Company, 220 Pa. 189, 69 A. 597, 123 Am. St. Rep. 685; Bracken v. Pennsylvania Railroad Company, 222 Pa. 410, 71 A. 926, 34 L. R. A. N. S., 790; Motsenbocker v. Shawnee Gas & Electric Company, 49 Okl. 304, 152 P. 82, L. R. A. 1916B, 910. An excellent annotation is found on the subject under title, ''Other Beneficiaries of Action for Death by Wrongful Act,'' Ann. Cas. 1916C, at page 596.

If the proposed amendment changes the original cause of action or introduces a new cause of action it should be denied. Whitson v. Tennessee Central Railway Company, supra; annotation under title, ''Limitations of Rule,'' Ann. Cas. 1916C, page 599.

B. B. Mosier was one of the next of kin of his infant son and a necessary and proper plaintiff to a suit to recover damages for the wrongful death of his son under

the statute. Code, Sections 8236 and 8237. The facts and circumstances relating to the death of this young man, which constitute the cause of action, were fully and specifically pleaded in the declaration filed by B. B. Mosier. Not a word was changed in these allegations of fact by the proposed amendment. Wherefore, it could not be maintained that the addition of the mother of the deceased as a party plaintiff changed the original cause of action. At most, the original suit stated a defective cause of action for want of a necessary party plaintiff, and for that reason only. That defect would have been cured by the proposed amendment.

We hold the amendment should have been granted, and that it will relate back to the filing of the original suit so as to preserve the right of action in these next of kin against the bar of the statute of limitations.

We pretermit the question whether B. B. Mosier could have maintained the suit for the benefit of himself and his wife without joining her as a party plaintiff.

The assignments of error are sustained and the judgment of the trial court reversed . The cause will be remanded to the circuit court for further proceedings consistent with this opinion. The costs of the appeal are adjudged against defendants. The costs in the lower court will be adjudged by that court when final judgment is entered.

Felts and Howell, JJ., concur.