632

DELANEY *et al. v.* DELANEY *et al.*

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Ross & Ross, of Savannah, for complainants.

W. H. Denison, of Lexington, for defendant.

Mr. Justice Burnett delivered the opinion of the Court.

This suit was filed by the petitioners to renew a judgment, formerly entered against the respondent, and for execution of said judgment on equities of the respondent in land that he owned at the time of the filing of this bill. The Chancellor rendered judgment in favor of the petitioner and other distributees of Mrs. Bettie Delaney, deceased, against the respondent. On appeal, the Court of Appeals reluctantly reversed because in their judgment, a judgment could not now be rendered on this former judgment because the bill as filed was repugnant and the 10 year Statute of Limitations, Code, Section 8601, had run before an amendment to the bill was made making the distributees parties complainant thereto.

At the April term of the Chancery Court in 1936 a judgment was rendered against the respondent in favor of R. A. Delaney, administrator for a sum due on a note that the respondent had made to his mother. Mrs. Delaney died intestate and R. A. Delaney qualified as her administrator and as such secured this judgment. A small credit is due on the note but the balance of the judgment had not been paid when on April 17, 1946, suit was filed to revive this judgment.

The caption to the present suit is "R. A. Delaney, Admr., of the estate of Mrs. Betty Delaney, deceased, a resident of Henderson County, Tennessee, to bring this bill in that capacity, and for the use and benefit of the estate of the said Mrs. Betty Delaney, deceased, complainant." This suit is filed against the respondent and others who are not now before this Court. The respond-

ent here demurred to the bill and upon the demurrer being overruled he relied upon the demurrer by leave of court, in his answer. After several preliminary matters the petitioners in April, 1948, moved to and were allowed to amend the bill by adding the following:

"Complainant states that the said Mrs. Betty Delaney left surviving seven children, viz., complainant, R. A. Delaney, defendant, W. L. Delaney, Josie Delaney, Mattie Essary, Callie Essary, F. H. Delaney, and F. A. Delaney, all of whom are beneficiaries of her estate, and if complainant is not entitled to recover, as administrator of the estate of the said Mrs. Betty Delaney, deceased, then he charges that for and on behalf of himself, and of all of the other children, heirs-at-law and distributees of the said Mrs. Bettie Delaney, he is entitled to recover of the defendant the amount of said judgment, interest and costs."

The Court of Appeals held that the making of the above amendment constituted a new cause of action and since the amendment was made after the 10 year Statute of Limitations had run the cause was barred by said statute and consequently dismissed the bill.

We granted *certiorari* because the two courts rendered different judgments therein, the Chancellor rendering judgment on the note and the Court of Appeals reversing for the reasons above set forth, and because of the importance of the legal principle involved. We have designated two questions, only, to be argued and considered in the granting of the *certiorari*. The answer to these questions is determinative of the suit. The first question to be considered is: Should a court of chancery give a liberal construction to the bill as originally filed so as to find that the bill was filed by R. A. Delaney in-

dividually and on behalf of the distributees of his mother's estate, and (2) Did the naming of the distributees in the amendment to the bill (after the Statute of Limitations had run) constitute a new cause of action?

Considering the first question it is necessary for us to refer specifically to certain sections of the bill. We have copied above the caption of the bill. In the body of the bill it is alleged that:

"Complainant, as administrator, on the 17th day of June, 1939, made a settlement of the estate of the said Mrs. Bettie Delaney, deceased, in the County Court of Henderson County, and was credited on said settlement with the amount of the note, on which said decree was rendered, less said credit of $158.20, but the decree, as an asset of the estate, remained in full force and effect, and the distributees of her estate are entitled to the same."

It is further charged in the bill that:

"Complainant further states that, while the settlement made by and the accounting with him in the County Court, as administrator, shows that the same was final, and he was discharged of all liability as administrator, and therefore if it should be held that he has no right to maintain this bill, as administrator, for the use and benefit of the distributees of the estate of Mrs. Bettie Delaney, deceased, then that he is advised that a proper case is presented for the appointment by your Honor of an administrator *ad litem* to prosecute this suit under this bill, to the end that the rights of the parties in interest may be fully protected by the decree of the court."

The Court of Appeals said:

"The justness of the debt, the payment of which the defendant is seeking to avoid, is not questioned. The

merits of the case are all against him and we would decree accordingly if we could find any way to do so without disturbing what seem to be well-established principles. But we have been able to find no way to do this, at least none permissible to an intermediate court.''

The Court of Appeals also said:

''Moreover, while upon a liberal construction it might be held that, notwithstanding the limitation of the caption, the bill as originally filed was intended to seek a recovery not for the use and benefit of the estate of the intestate but for the use and benefit of the distributees of the estate, yet, other questions aside, the distributees are nowhere named in the bill as they should have been. This was necessary in order that a recovery in the complainant's name would have operated as a bar to a suit by one of the distributees. Cf. *Trafford* v. *Wilkinson*, 3 Tenn. Ch. 449.''

█ Is the bill (the pertinent portions which are quoted above) entitled to such a liberal construction so that a court of equity should say that the suit is brought for the use and benefit of the distributees of the estate? We think that it is entitled to such a liberal construction.

If the bill is entitled to such a liberal construction and was brought for the use and benefit of the distributees of the estate, is a new cause of action made when the bill is so amended as to name the distributees of the estate? We think that no new cause of action is made by thus naming the distributees of the estate.

██ It seems to us from reading the entire bill and particularly those portions heretofore quoted that clearly the purpose of the bill was for a recovery on behalf of the distributees of the estate of Mrs. Betty Delaney. There could have been no other purpose of this suit

regardless of how inartificially the caption was stated. The bill states on the face thereof that the defendant (respondent here) was entitled to a credit on this judgment of "his one seventh distributive share on a settlement made of the estate of the said Mrs. Betty Delaney, deceased, on the 17th day of June, 1939, in the County Court of Henderson County, Tennessee." The bill does not affirmatively allege that there are no creditors of this estate but it is perfectly obvious that no distribution of the estate was proper until after the creditors had been paid. Code, Section 8335 provides that after eighteen months the administrator shall pay over "to the person or persons to whom the same may be due by law." Obviously if no claimants or creditors of the estate present their claim within or before that time then the personal representative has a right to close, and it is his duty to distribute the estate. Also after the eighteen months the distributees are given a right of action against the administrator to recover their distributive share. Code, Section 8347. Then by Code, Section 8610 it is provided that all actions against a personal representative of the deceased are barred after seven years. This statute establishes a positive limitation in contra distinction to a negative prescription. It would, therefore, appear to us from the averments of this bill, which was demurred to, that there are no creditors of this estate. This being true the distributees may institute suit to recover their distributive share of the estate. Thus it would seem, in view of the lapse of time, the nonintervention or appearance of creditors, it might be held, as against a demurrer, that there are no creditors.

▮▮ The reason for the holding of the courts that suit brought in the name of the administrator for the

distributees is repugnant is because the administrator must first collect the assets of the estate and pay the creditors thereof before the distribution to the distributees. It has long been held by this Court that under such circumstances, where there are creditors, to allow distributees to bring a suit and recover the property that they "themselves thereby become executors *de son tort,* which implies a wrongful interference with the property of the intestate". *Hurt* v. *Fisher,* 96 Tenn. 570, 35 S. W. 1085, 1086. The distributee has no title to the property but only to the surplus after the payment of the debts. This was the reasoning back of Chancellor Cooper's opinion in *Trafford* v. *Wilkinson, supra,* the principal case upon which the Court of Appeals based its conclusion.

▉▉▉ When the rights of creditors disappear, there are no creditors, there can seem to be no reason why the distributees might not bring the action—the repugnancy of the two then disappears. Since there are no creditors in the instant case we can find no repugnancy in the caption of this bill. It appears to us that it is brought for the distributees. In *Hurt* v. *Fisher,* 96 Tenn. 570, 35 S. W. 1085, it was held that when it appeared there were no creditors, administration was unnecessary, and a distributee was entitled to maintain his action. This case, to the extent that it held that distributees may maintain such an action in Chancery without administration where the estate is not indebted, overruled the case of *Brown* v. *Bibb,* 42 Tenn. 433. *Brown* v. *Bibb, supra,* is the basic case upon which the question is decided and based in *Trafford* v. *Wilkinson, supra.* Obviously when the reason for the rule fails the rule is not applicable. The principle was very succinctly stated in *Christian* v. *Clark,* 78 Tenn. 630, 638, as follows:

640

"The principal reason of the rule for requiring the assent of a personal representative is the protection of creditors, and the objection of the want of such a representative becomes merely technical where it is obvious that there are no creditors:"—citing *Brandon* v. *Mason*, 69 Tenn. 615-616.

Thus when it appears on the face of the bill that the administrator, personal representative, no longer acts as such and there are no creditors that have a claim upon the estate, merely stating in the caption of the bill this representative capacity is in no wise repugnant to the action which really is maintained for the benefit of the distributees. When such a situation appears as it does in the factual situation stated in this bill it necessarily follows that the distributees are the only ones having an interest in maintaining this judgment. How can it then be said of these distributees, who are named by an amendment that by so naming the distributees the defendant (respondent here) is hurt? He knows immediately, under the facts as alleged and the law, that the distributees are the only ones that are interested in this recovery. Knowing this, he being one of them, he certainly is not hurt. He knows who the distributees are just as well as any of the other distributees. He likewise knows whether or not he has made any settlement with any of these distributees. He does not so claim or raise this question here.

Of course the case of *Hurt* v. *Fisher, supra,* was the converse of the situation in the present case. In *Hurt* v. *Fisher,* the question was whether a distributee could recover personal assets due the intestate without the intervention of an administrator of the estate, it affirmatively appearing in that case that there were no creditors,

Insofar as the question of repugnancy between the two kinds of action is concerned the reasoning is equally applicable in either case because the question of repugnancy is based upon the same principle in either instance.

By the amendment adding the names of the distributees the cause of action was not changed or altered, and the amendment did not bring into the suit a new party, in view of the allegation of the bill. This was merely a formal change, and the supplying of information by amendment, that was known to the defendant (respondent here) and could have easily been shown and established by proof. The substitution of these parties, distributees, by naming them did not constitute a new cause of action. It was said in *Whitson* v. *T. C. Ry. Co.,* 163 Tenn. 35, 46, 40 S. W. (2d) 396, 399, that:

"If no new cause of action was injected into the case by the substitution of the administrator, the fiction of relation was effective, and the suit arrested the running of the limitation period from the date the summons was issued, so that the defense of the statute was not 'complete.'"

Such a policy as we have set forth herein is in accord with the liberal policy of substantial justice as revealed by the opinion of this Court in *Burns* v. *Peoples Tel. & Tel. Co.,* 161 Tenn. 382, 33 S. W. (2d) 76.

A note on the question here is found in 74 A. L. R. at 1270, where it is said:

"While the cases are not in entire harmony, it is usually held that an amendment changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitation."

Following this statement numerous cases are cited including that of *Whitson* v. *T. C. Ry. Co.,* above quoted from.

In *Mosier* v. *Lucas*, 30 Tenn. App. 498, 207 S. W. (2d) 1021, the Court of Appeals held that where a cause of action was brought in the name of the father for the wrongful injuries resulting from an automobile accident, which resulted in the death of the son of the father, that the cause might be amended after the one year statute of limitations had run by adding the name of the mother as a party plaintiff, she along with the father being the survivors and next of kin of the deceased. That court held that by adding the mother as a necessary party plaintiff related back to the filing of the original summons. By doing so the original cause of action was not changed nor was any new cause of action introduced. This Court denied certiorari in that case. The Court of Appeals quoted in full Code, Section 8713 which is a very strong and universal statute of jeofailes. Such a statute is applicable under the facts of the instant case.

The naming of the distributees was not the equivalent of the commencement of a new action. All it did was to continue the action of the prior proceedings and during the pendency of this action the statute did not run. There is no change of the cause of action pleaded in the original bill; nor is there a change of parties, except that the real parties in interest (for which the bill is filed) are substituted for the administrator named in the caption of the bill.

We can say here as was said in *Whitson* v. *T. C. Ry. Co.*, *supra*, that: "No substantive right or complete defense of the defendant will be destroyed by relating such an amendment, and giving it effect, as of the date the summons was issued; nor will any purpose or object of the statute of limitations be violated thereby."

For the reasons above set forth the judgment of the Court of Appeals is reversed and that of the Chancellor affirmed and the cause is remanded for further proceedings consistent with this opinion.

All concur.