GOODLOE *v.* PUCKETT.

(*Nashville*, December Term, 1952.)

Opinion filed January 15, 1953.

JOHN A. PRITCHETT, of Nashville, for plaintiff in error.

B. H. HAGEY, of Nashville, for defendant in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Audrey G. Goodloe, as administratrix of her deceased husband's estate, brought suit in the Circuit Court of Davidson County against W. O. Puckett upon certain promissory notes which were payable to W. R. Goodloe, deceased. The said notes were dated January 1, 1945, and were in the aggregate sum of $1,177.88. The declaration alleged that the several notes were due and unpaid. The suit was instituted on December 29, 1950, and the declaration was filed on February 5, 1951. On March 12, 1952, the defendant moved the court to dismiss the action; "because plaintiff was discharged as administratrix of the estate of W. R. Goodloe on September 12, 1950 and therefore cannot maintain this action as administratrix which was commenced December 29, 1950."

On March 25, 1952, the plaintiff through her attorney moved the court to strike "Administratrix of the estate of W. R. Goodloe, deceased" from the proceedings of this cause. The trial judge overruled the plaintiff's motion to amend her declaration on the ground "that the plaintiff's action to amend came too late and is not well taken". The defendant's motion to dismiss was sustained and

the suit dismissed. To which action of the court the plaintiff excepted and prayed and was granted an appeal to this Court.

The sole question made in the assignment of error is that the trial judge erred in disallowing plaintiff's motion to amend her declaration as herein pointed out.

At the hearing of the two motions above referred to, the counsel for plaintiff admitted that Mrs. Goodloe had made a final settlement in the county court and had been discharged as administratrix of her deceased husband's estate prior to the filing of the suit to recover on the notes in question.

The notes were not barred by the statute of limitations when suit was brought, but were barred at the time the plaintff moved the court for leave to amend her declaration. It was and is the contention of the plaintiff that she is the sole owner of the notes in question; that the motion to amend related back to the filing of the present action.

We think the learned trial judge was in error in disallowing the motion to amend the declaration and in dismissing the plaintiff's suit.

The mere fact that the suit was instituted by the plaintiff as administratrix after she had made settlement of the estate and was discharged does not in any way affect the liability of the defendant upon these notes. He was before the court upon the averment in the declaration that he was the maker of the notes; that they were due and unpaid. The notes were in the possession of the plaintiff, and it was wholly immaterial whether Mrs. Goodloe held them in her capacity as administratrix or as the individual owner. The proposed amendment added no new party and made no change in the cause of action. While the original suit was brought as administratrix for

the use and benefit of the decedent's estate, no reason is advanced for not allowing it to proceed to a judgment for the use and benefit of any and all beneficiaries of the estate. Since Mrs. Goodloe was the sole beneficiary she is the only real party in interest. Code Section 8619.

Section 8713 of the Code provides as follows:

*"Action amended in form, pleadings, and parties.*—No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings, but the courts shall have power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow all proper averments to be supplied, upon such terms as to continuances as the court, in its sound discretion, may see proper to impose."

That the plaintiff in the case at bar may sue in a representative capacity, or in her own name, finds ample support in *Winningham* v. *Crouch,* 32 Tenn. 170. To the same effect is *Smyth* v. *Carden,* 31 Tenn. 28, wherein it is held that "* * * the Court may, upon motion, strike out the name of the nominal plaintiff and thus allow the suit to be prosecuted in the name of the holder alone."

Conceding that the notes were not barred when the suit was commenced, but the statute had run when the motion to amend was made, we hold that it was not too late. In support of the plaintiff's contention that the motion to amend was filed in time to arrest the running of the statute, and should have been allowed, see *Mosier* v. *Lucas,* 30 Tenn. App. 498, 207 S. W. (2d) 1021, where the Court of Appeals used the following language:

"Where a suit is commenced to recover damages for death by a proper and necessary party before suit is barred by limitations, an amendment offered after statute of limitations has barred the suit, which adds a necessary party plaintiff, will relate back to filing of original summons if addition of new party did not change original cause of action, or introduce a new cause of action." Numerous cases are cited in support of the opinion.

The assignment of error is sustained and the case is reversed and remanded for further proceedings.