DAVID E. GOGAN, Administrator of the Estate of Richard Gogan, Deceased,

*v.*

WILLIAM LLOYD JONES, IRVIN R. BEAN, Trading as S. I. Bean Tile and Marble Company, and Robert Fromer.

(*Knoxville*, September Term 1954.)

Opinion filed December 16, 1954.

KEY, SMITH & LEE, of Knoxville, for appellant.

FOWLER, LONG & FOWLER and WILBUR W. PIPER, all of Knoxville, for William Lloyd Jones and Irvin R. Bean, trading as S. I. Bean Tile & Marble Co.

DONALDSON, MONTGOMERY & KENNERLY, and GEORGE D. MONTGOMERY, all of Knoxville, for Robert Fromer.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Richard Gogan, a resident of New York, was killed in a traffic accident while riding in an automobile on a Tennessee highway. His father, David E. Gogan, was appointed administrator of the young man's estate by the Court of New York. As such administrator he commenced suit in the Circuit Court of the Tennessee County in which the accident occurred against Irvin R. Bean, a resident of North Carolina, trading as S. I. Bean Tile and Marble Company, and against Robert Fromer, a resident of New York.

The summons directed these defendants "to answer David E. Gogan, administrator of the estate of Richard Gogan, deceased, in an action for damages in the amount of $100,000 for the wrongful death of plaintiff's intestate". Personal service of process was had upon them through the Secretary of State in the manner provided by Code Section 8671.

The appointment of Gogan as administrator of his son's estate in New York conferred no authority upon him as such New York administrator to maintain this suit in Tennessee. *Fisher* v. *Durand,* 179 Tenn. 635, 642, 169 S.W. (2d) 671. *Swancy* v. *Scott,* 28 Tenn. 326, 331. Had he applied for letters of administration in this State in the county where this suit was brought he would have been entitled to appointment as such administrator for the purpose of prosecuting this suit. Code Section 8145 (4).

Decedent's next of kin were his father, David E. Gogan, and his mother, Eleanor Gogan. These parents were, therefore entitled to any recovery which might be had in this suit by reason of the allegedly wrongful death of their son, and were entitled, as such next of kin, to maintain this action for the purpose of obtaining such recovery. Code Section 8236.

It is the one-year statute of limitations that is applicable to the cause of action stated in the summons. Code Section 8595. More than one year after the accident plaintiff moved to amend the summons by striking therefrom the words "administrator of the estate" and substituting as plaintiffs the words "father and next of kin" and "Eleanor Gogan, mother and next of kin of Richard Gogan, deceased". The defendant objected to the proposed amendment on the ground that it "is in effect the institution of a new suit" commenced more than one year after the accident; hence, barred by this statute of limitations. The Trial Judge reluctantly sustained this objection and dismissed the suit. This appeal followed.

Before entering into consideration of the determinative question presented by the appeal, it is appropriate to notice the contention of the appellees (the defendants below) that the summons should have stated "briefly the facts" which authorized service under Code Section 8671 on the Secretary of State.

There is not apparent any reason why the summons issued under Code Section 8671 should be any different from any other summons in a tort action of this character. Borrowing the language of this Court in *Love* v. *Southern Ry. Co.,* 108 Tenn. 104, 121, 65 S.W. 475, 479, 55 L.R.A. 471, 479, "The office of the summons is merely to bring the defendants into court; that of the declaration is to acquaint him with the cause of action and the charge which he is to defend." Accordingly, this preliminary insistence of the appellees must be rejected.

Turning now to consideration of the question as to whether the proposed amendment relates to the date of the issuance of the summons (which was within the statute of limitations period) rather than the date upon which the amendment was proposed (which is beyond

the one year period) we begin with certain knowledge that:

" 'The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested the date of the filing of the original pleading.' " *Whitson* v. *T. C. Railway Co.*, 163 Tenn. 35, 40, 40 S.W. (2d) 396, 397.

The proposed amendment does not in fact change in the slightest the cause of action stated in the original summons. Its purpose, as shown upon its face, is to bring these defendants before the Court to answer for the allegedly wrongful death at their hands of Richard Gogan. Any defense which these defendants had in response to the charge that their act was wrong or that such act was responsible for young Gogan's death remained entirely intact, had the amendment been allowed. Therefore, if this proposed amendment constitutes a new cause of action it necessarily is because it had the effect of bringing in new parties within the meaning of the expression "new parties" in this kind of action.

The proposed amendment, had it been allowed, would not have changed the identity of any of the persons for whom the summons sought a recovery. Although the statute, as heretofore stated, authorizes a Tennessee administrator to institute a suit of this character, the recovery goes to the next of kin free from any claims against the estate of the decedent. The next of kin in this case are the persons whom it was sought by the proposed amendment to substitute as plaintiffs for the New York administrator.

This case narrows, therefore, to a decision of the question as to whether the express substitution of the real

parties in interest as plaintiffs as distinguished from their implied existence as plaintiffs by reason of the suit being instituted in the name of the administrator should be regarded as a new cause of action. On principle, such real parties in interest should not be considered "new parties" to the cause of action.

And it is held in *Delaney* v. *Delaney,* 190 Tenn. 632, 231 S. W. (2d) 328, that such real parties in interest are not to be regarded as "new parties" to the suit. In that case, after the applicable statute of limitations had run, it was sought to amend the bill so as to substitute as plaintiffs the real parties in interest in lieu of the person who wrongfully assumed as an alleged administrator the authority to institute the suit. That is exactly the situation in the instant case. In holding that the proposed amendment related back to the commencement of the suit, the Court said:—"There is no change of the cause of action pleaded in the original bill; nor is there a change of parties, except that the real parties in interest (for which the bill is filed) are substituted for the administrator named in the caption of the bill." 190 Tenn. at page 642, 231 S. W. (2d) at page 332. This principle is likewise upheld in *Church of God* v. *Tomlinson Church of God,* 193 Tenn. 583, 247 S. W. (2d) 63, and *Whitson* v. *T. C. Railway Co.,* 163 Tenn. 35, 40 S. W. (2d) 396, and the numerous cases cited and discussed in the Whitson opinion.

As observed in the Whitson case, the principle of relating an amendment of this character to the date of the original writ is "resorted to as an aid to substantial justice," and applied in cases of this character when "No substantive right or complete defense of the defendant will be destroyed by relating such an amendment, and giving it effect, as of the date the summons was issued;

nor will any purpose or object of the statute of limitations be violated thereby.'' 163 Tenn. at page 51, 40 S. W. (2d) at page 400. In such a case there would seem to be applicable the statutory requirement of Code Section 8713 to the effect that ''No civil suit shall be dismissed for want of necessary parties * * * but the court shall have power * * * to strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court''.

These Tennessee decisions, according to the text of 8 A. L. R. (2d) 47, are in accord with the weight of authority. That text, and it cites a number of cases in support, is this:

''By the weight of authority, the addition as parties plaintiff in an action under wrongful death statutes, of persons who might have instituted the action, is not regarded as the beginning of a new action by such additional plaintiffs as regards the statute of limitations.''

The substance of this statement is repeated in this text at pages 51-52 with citation to decisions of many State Courts.

It is said by the appellees, (original defendants) that this principle is not applicable here because this suit was not instituted by ''a necessary and essential party''. The decisions mentioned are contrary to this insistence.

In the Whitson case, supra, the summons was issued by an individual in his individual capacity, he being the sole next of kin of deceased. He had no authority at that time to so institute that suit. When thereafter he qualified as administrator and sought to amend so as to bring suit in that capacity, as authorized by law, it was held that the issuance of the original summons by the real party in interest when followed by an amendment substituting as

plaintiff himself as administrator was the commencement of the action. In the case at bar David E. Gogan as administrator under the New York law of the estate of the deceased was without authority to institute this suit. But he, as an individual, was one of the real parties in interest. Therefore, the contemplated amendment substituting himself as a plaintiff in lieu of himself as a New York administrator falls directly within the holding of the Whitson case on that point. And so it does in the Delaney case.

The addition of the mother's name as a party plaintiff, she being one of the two next of kin, likewise relates back to the original summons. The addition of her name to this summons in no sense changed the cause of action which was brought for the purpose of recovering damages for decedent's next of kin. *Mosier* v. *Lucas,* 30 Tenn. App. 498, 207 S. W. (2d) 1021.

For the reasons stated, it is the opinion of this court that the Trial Court erred in not allowing the proposed amendment. Its judgment will, therefore, be reversed, and the amendment allowed, and the cause remanded for further proceedings, with the cost of this appeal taxed against the appellees.