**OMAN CONSTRUCTION COMPANY, INC., and Reliance Insurance Company, Appellants,**

v.

**Della M. BRAY, Administratrix of the Estate of Gladys Bray, Deceased, Appellee.**

Supreme Court of Tennessee.

April 30, 1979.

William O. Foutch, Jr., Capps, Foutch & Cantwell, Morristown, for appellants.

Tom H. Rogan, Rogersville, for appellee.

## OPINION

BROCK, Justice.

This is an action for workmen's compensation benefits. The action was instituted by the employee, Gladys Bray, who sought benefits for permanent total disability resulting from the occupational disease of silicosis which he alleged arose out of and in the course of his employment with the defendant Oman Construction Company, Inc. A trial on the merits resulted in a judgment in favor of the employee and against the employer and its insurance carrier for the maximum benefits provided by the workmen's compensation law for permanent and total disability. After judgment was entered, the employee died on March 21, 1978. Thereupon, Della M. Bray, was qualified as the administratrix of the estate of Gladys Bray and filed a petition in this Court suggesting the death of Gladys Bray and praying that the action be revived in her name as administratrix of the estate of Gladys Bray. This Court duly allowed the substitution and reviver in the name of Della M. Bray, administratrix of the estate of Gladys Bray, deceased.

Della M. Bray further petitioned this Court on her own behalf and in behalf of Phyllis Marie Bray, Donald Alan Bray and Jimmy Wayne Bray, whom she alleges are the minor children born to her and the deceased, Gladys Bray, alleging that she

and the children are surviving dependents of Gladys Bray and are entitled to recover the benefits provided by the workmen's compensation law for dependents of employees whose death arises out of and in the course of their employment. This effort to proceed in this Court for the recovery of benefits provided for dependents of deceased employees was met by a motion to dismiss filed by defendants upon the ground that this Court is without jurisdiction of such action at this time, since the claim for dependents' benefits has not been presented to the trial court.

Since the jurisdiction of this Court is appellate only, the petition of Della M. Bray on behalf of herself individually and on behalf of Phyllis Marie Bray, Donald Alan Bray and Jimmy Wayne Bray, seeking to recover as dependents under the workmen's compensation law for the death of Gladys Bray is hereby remanded to the trial court for a trial in that court upon the merits.

Of course, Della M. Bray as the administratrix of the estate of Gladys Bray, is entitled to the benefits, if any, which this Court may determine upon this appeal had accrued and were due and unpaid at the time of the death of Gladys Bray. *Byrd v. Pioneer-Jellico Coal Co.*, 180 Tenn. 396, 175 S.W.2d 542 (1943); *Housley v. American Mut. Liability Ins. Co.*, 197 Tenn. 38, 270 S.W.2d 349 (1954).

The issue presented with respect to the claim for workmen's compensation benefits for disability prior to the death of Gladys Bray is whether there is any evidence to support the finding of the trial court that the employee was "last injuriously exposed to the hazards of the disease" of silicosis while in his employment with defendant Oman Construction Company, Inc., on November 15 and 16, 1976, so that liability may be imposed under the terms of T.C.A., § 50-1106, which provides:

"When an employee has an occupational disease that is covered by the Workmen's Compensation Law, the employer in whose employment he was last injuriously exposed to the hazards of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier."

Gladys Bray was a "powder man" and worked for the defendant, Oman Construction Company, Inc., from 1955 until 1975 at which time he ceased employment with Oman and began working in a similar capacity for Tillett Brothers Construction Company with whom he worked for approximately one year, until on or about November 7, 1976. Then, on November 15, 1976, Bray was again employed by the defendant Oman Construction Company and worked for approximately 12 hours on November 15, 1976, and for one or two hours on the morning of November 16, 1976. On the latter date he was unable to continue working because, as he explains, ". . . my air went out." From November 16, 1976, when the employee became incapacitated on the job he was totally disabled until his death on March 21, 1978.

The evidence in the record leaves no doubt that Bray was permanently and totally disabled from November 16, 1976, until his death and that this disability was the result of silicosis, an occupational disease, which arose out of and in the course of his employment by reason of his breathing of rock dust, or silica, during his employment with the defendant Oman Construction Company for a period of approximately 20 years during the first employment, his employment with Tillett Brothers Construction Company for approximately one year and during the period of one and a fraction days of his second employment with defendant Oman Construction Company on November 15 and 16, 1976.

The record abundantly shows that Bray's silicosis was contracted during his first employment with defendant Oman Construction Company and had existed for a period of time well in excess of one year prior to November 16, 1976. But we must go further under the above quoted statute and determine whether there is evidence that Bray was "last injuriously exposed to

the hazards of the disease" during his employment with Oman. Indeed, under the statute, it is not the last employment nor the last exposure to the hazards of the disease which imposes liability; it is the last such exposure that is *injurious* to the employee.

We conclude that the evidence supports the finding of the trial court that the employee was last *injuriously* exposed to the hazards of the disease, that is, the breathing of rock dust, on November 15 and 16, 1976, while employed by defendant Oman Construction Company, Inc. Thus, the employee himself testified that throughout the day on November 15, 1976, his work required him to breathe air that was heavily laden with rock dust. The only medical evidence in the record is the testimony of Dr. Smiddy. He explained that silicosis is a progressive disease caused by the breathing of silica, or rock dust, over a period of time and that chronic silicosis of the type contracted by this employee ". . . would come after, more likely, five to seven years of exposure; so, a greater than seven years exposure to dust would be consistent with the changes we saw on his chest x-ray and in his clinical picture." With respect to the significance of Bray's exposure to rock dust on November 15 and 16, 1976, Dr. Smiddy testified:

"My own answer to that is, that is correct that that seems to be the final day that he truly could not press on any longer, but that final day was certainly based on each and every day that he was employed throughout his work career in an environment of breathing dust; *so that each day was a contributing day* and that was just the last one he could make it through." (Emphasis added.)

We interpret this testimony to mean that each day of breathing rock dust was an injurious exposure to the hazards of the disease of silicosis and that the last such injurious exposure was November 15 and 16, 1976, while Mr. Bray was employed by the defendant, Oman. This is sufficient evidence to impose liability upon Oman in this case. *See Tennessee Tufting Company*

*v. Potter*, 206 Tenn. 620, 336 S.W.2d 539, 337 S.W.2d 601 (1960); *Haynes v. Feldspar Producing Co.*, 222 N.C. 163, 22 S.E.2d 275 (1942); *Climax Uranium Company v. Death of Smith*, 33 Colo.App. 337, 522 P.2d 134 (1974); *Gregory v. Peabody Coal Company*, Ky., 355 S.W.2d 156 (1962); *Edwards v. Catapano & Grow Construction Co.*, 15 A.D.2d 843, 224 N.Y.S.2d 565 (1962); *Willingham v. Bryan Rock & Sand Co.*, 240 N.C. 281, 82 S.E.2d 68 (1954); 4 Larson, Workmen's Compensation Law, § 95 (1979); 99 C.J.S. Workmen's Compensation § 46 (1958). Construing a "last injuriously exposed" provision similar to our own, the North Carolina court in the *Haynes* case, *supra*, held that "last injuriously exposed" means any exposure which proximately augments the disease to any extent, however slight. We apply that test and conclude that the evidence supports the finding of the trial court that the employee, Bray, was last injuriously exposed while in the employ of the defendant, Oman Construction Company. As noted by Larson,

". . . once the requirement of some contributing exposure has been met, courts applying this rule (last injurious exposure) will not go on to weigh the relative amount or duration of the exposure under various employers and carriers." 4 Larson Workmen's Compensation Law, § 95, p. 17–87 (1979).

The judgment of the trial court, insofar as it awards benefits to the plaintiff for total disability from November 16, 1976, to March 21, 1978, is affirmed; insofar as the petition filed in this Court sought to recover on behalf of the widow and minor children of the deceased employee dependency benefits provided by the workmen's compensation law for the death of the employee, it is remanded to the trial court for trial upon the merits.

Costs incurred in this Court are taxed against the appellants.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.