## ASARCO INCORPORATED

v.

### Douglas L. RALEY.

Supreme Court of Tennessee.

June 2, 1980.

Rehearing Denied Aug. 25, 1980.

Arthur G. Seymour, Jr., Frantz, McConnell & Seymour, Knoxville, for appellant.

W. Conway Garlington, James W. Justice, Knoxville, for appellee.

### OPINION

COOPER, Justice.

This is an appeal by an employer from an award of worker's compensation benefits to an employee found to be disabled as the result of an occupational disease.

The employer, ASARCO Inc., filed an action on receiving notice from Douglas L. Raley that he was making a claim for benefits for disability from silicosis. Mr. Raley was employed by ASARCO from November, 1971, until May 30, 1978, as a fine grinding operator at the Mascot and Young Mills. Prior to 1971, Mr. Raley had worked for the American Zinc Company[1] for approximately thirty years, the last twenty of which he worked as a fine grinding operator. The trial judge found that "Mr. Raley is suffering from silicosis, that this silicosis

---

1. ASARCO Inc., purchased the mines and facilities from American Zinc in 1971, and kept "the work force" including appellee.

is causally related to his employment, that it arose out of and in the course of the employment," and awarded him benefits equated to sixty-five (65%) percent permanent partial disability of the body as a whole. ASARCO has appealed insisting there is no material evidence that Raley suffers from an occupational disease which arose out of and in the course of his employment by ASARCO within the meaning of T.C.A. § 50–1101. ASARCO also insists that there is no competent medical testimony that Mr. Raley is suffering from a permanent disability due to an occupational disease arising out of his employment by ASARCO. We find no merit in either insistence and affirm the award of benefits ordered by the trial judge.

The record shows that during his employment by ASARCO, and for that matter by American Zinc, Mr. Raley operated a ball mill grinding ore from the zinc mines. Efforts were made by ASARCO to keep dust from the grinding operation to a minimum. However, despite these efforts pictures of the inside of the mill show heavy deposits of dust on all surfaces. The employees who testified, including Mr. Raley, also described dust condition as being heavy.

Mr. Raley testified that the dust at both mills where he worked for ASARCO were about the same, but that he was affected more by conditions at the Young Mill since the mill was enclosed. There is also evidence in the record that during the final two years of his employment by ASARCO, which was at the Young Mill, Mr. Raley had noticeable shortness of breath.

Supervisory employees of ASARCO admitted that there was free respirable silica in the mill as the result of the grinding operations. Further, the record shows that the Mine Enforcement Safety Administration on three occasions conducted tests in the mill where Mr. Raley was working. In each test free respirable silica was found in the atmosphere and, on one of the tests, it exceeded the amount permitted under then existing government regulations.

Dr. William K. Swann, who examined Mr. Raley some six weeks after he left the employ of ASARCO, testified Mr. Raley had positive x-rays indicating silicosis and that the pulmonary tests indicated he had a vital capacity of only seventy-seven (77%) percent of predicted normal. From these and other findings, Dr. Swann concluded that Mr. Raley had silicosis and that it was a "direct result of exposure to dust containing silica particles in the course of his employment." He further testified that as the result of the silicosis, Mr. Raley could never work where he was exposed to smoke, dust, or fumes.

While not agreeing with Dr. Swann's diagnosis of silicosis, Dr. William K. Rogers testified that Mr. Raley had a permanent disability, which he rated at thirty (30%) percent, due to loss of pulmonary function.

T.C.A. § 50–1101 permits recovery of worker's compensation benefits for disability from an occupational disease which arises out of and in the course of the workers' employment. The statute provides that:

A disease shall be deemed to arise out of the employment only if (1) it can be determined to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment; (2) it can be fairly traced to the employment as a proximate cause; (3) it has not originated from a hazard to which workmen would have been equally exposed outside of the employment; (4) it is incidental to the character of the employment and not independent of the relation of employer and employee; (5) it originated from a risk connected with the employment and flowed from that source as a natural consequence, . . .; and (6) there is a direct causal connection between the conditions under which the work is performed and the occupational disease.

Appellant contends that Mr. Raley's silicosis can not be fairly traced to his employment by ASARCO. Specifically, it is argued that Mr. Raley failed to prove his silicosis did not pre-exist his employment by ASARCO and that it originated from a risk connected with his employment. It also is

argued by appellant that Mr. Raley failed to show that the hazard of breathing free respirable silica to which he was exposed on his job was greater than his exposure would be outside his employment. We see no basis for these arguments in the record.

It is not necessary that Mr. Raley prove he was free of the disease of silicosis when he began working for ASARCO to establish his claim for worker's compensation benefits. It is sufficient that he prove he was last injuriously exposed to the hazard of the disease during his employment by ASARCO. T.C.A. § 50–1106; *Oman Const. Co., Inc. v. Bray*, 583 S.W.2d 303 (Tenn.1979). This he did by proving he was exposed daily to breathing free respirable silica released from the ore by the fine grinding operation which he conducted for ASARCO, by proving the continual heavy concentration of dust in the mill, by proving that the free respirable silica in the mill exceeded federal safety standards in one of the three tests conducted by MESA, and by proving through Dr. Swann that appellee's silicosis is the "direct result of exposure to dust containing silica particles in the course of his employment."

Appellant also contends that the medical evidence is insufficient to establish the fact that appellee has a permanent disability as the result of his silicosis. There is no question in the record but that appellee has a permanent loss of pulmonary function, which Dr. Swann attributes to silicosis that is the "direct result of exposure to dust containing silica particles in the course of his employment." This condition prevents appellee forever from doing any work, not just mining, where he is exposed to smoke, dust, or fumes. The condition is disabling, —the disability being rated at thirty (30%) percent by Dr. Rogers—and permanently limits appellee's availability on the job market, thus making him eligible for worker's compensation benefits.

The judgment of the trial court is affirmed and the cause is remanded for enforcement of the judgment. Costs incident to the appeal are adjudged against appellant, ASARCO Inc., and its surety.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.