**James B. MORELL, Plaintiff-Appellant,**

v.

**ASARCO, INCORPORATED, Defendant-Appellee.**

Supreme Court of Tennessee, at Knoxville.

Feb. 17, 1981.

Bill Petty, Child, O'Connor, Ellis & Petty, Knoxville, for plaintiff-appellant.

W. Kyle Carpenter and Arthur G. Seymour, Knoxville, for defendant-appellee.

## OPINION

COOPER, Justice.

This action was brought by James B. Morell against his last employer ASARCO, Inc., to recover benefits for permanent total disability resulting from the occupational disease of silicosis. The trial judge dismissed the action, and the employee appealed.

T.C.A. § 50–1106 provides that "when an employee has an occupational disease, the employer in whose employment he was last injuriously exposed to the hazards of the disease, ... shall alone be liable therefor ...." Under this statute, it is not the last employment nor the last exposure to the hazards of the disease which imposes liability; it is the last such exposure that is injurious to the employee. *Oman Construction Company v. Bray*, 583 S.W.2d 303 (Tenn.1979).

There is no question but that appellant is disabled from silicosis. The question is whether or not appellant was injuriously exposed to the hazards of the disease while working for appellee, ASARCO, Inc. We find no evidence that he was; consequently, we affirm the action of the trial court in dismissing the suit.

Appellant only worked for two companies during his adult working life—American Zinc Company and ASARCO, Inc. The first twenty-nine years of his labors were underground in zinc mines owned by American Zinc Company. Appellant left the mines in 1970 for a job above ground in the ore mill.

In November, 1971, ASARCO, Inc. purchased all assets of the mining business from American Zinc. Appellant was then employed by ASARCO, Inc. and worked as a "crusher" operator until July 28, 1975, when he was discharged for drinking alcoholic beverages on the job.

In 1979, appellant was found to be suffering from the disease of silicosis. Dr. William K. Swan, the examining physician, testified that silicosis resulted from exposure to free silica of the particle size of five microns, or less. On inquiry, he attributed appellant's condition to the "twenty-nine years of employment in the underground zinc mines," when appellant was working for the American Zinc Company. Dr. Swan was not questioned concerning appellant's employment in the surface mill, nor the effect, if any, of the surface work on plaintiff's health. Neither was he questioned as to whether the work done by appellant for ASARCO, Inc. injuriously exposed appellant to the hazards of the disease of silicosis. Further, the record is silent as to whether appellant was exposed to free silica of the size that is injurious to health while working for ASARCO, Inc.

As is pointed out by Professor Larson in his treatise, *Workmen's Compensation Law*,

> It goes without saying that, before the last injurious exposure rule can be applied, there must have been some exposure of a kind contributing to the condition ....

4 Larson § 95

The judgment of the trial court is affirmed. Costs incident to the appeal are adjudged against the appellant, James B. Morell and his surety.

BROCK, C. J., and FONES, HARBISON and DROWOTA, JJ., concur.