Lazarov *et al. v.* Nunnally.

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

SIDNEY LAZAROV and HARRY RUBERT, both of Memphis, for appellant.

WILLIAM A. PERCY and GEORGE C. CUNNINGHAM, both of Memphis, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal which the Chancellor in his discretion allowed from his action in overruling a demurrer to a bill brought to recover alleged loss occasioned by the alleged breach of contract.

In view of the nature of the grounds of the demurrer, there should be pointed out in the beginning that (1) under the provision of Code, section 8729 any bill of complaint is regarded as sufficient if it conveys a reasonable certainty of meaning and by natural construction shows a substantial ground for suit, and (2) "that demurrers are not favored and will be overruled if, by any fair and reasonable intendment, the pleading challenged states, however inartificially, a good case." *Byrd* v. *Pioneer-Jellico Coal Co. et al.*, 180 Tenn. 396, 399, 175 S. W. (2d) 542, 543.

The bill alleges that the appellant, hereafter called defendant, owned "a substantial quantity of seamless steel tubing of various sizes, ranging in diameter from one-half inch to two inches. The said tubing was stored in and about" a specified address in Memphis. Then follows the allegation that on February 2, 1948 complainant and defendant entered into a written agreement evi-

148

denced by a letter of that date written by defendant to complainant. That letter is copied verbatim into the bill. It confirms an agreement upon the part of the defendant "to deliver to you or your order approximately 850,000 feet of seamless steel tubing on the following basis:" This letter then states that the complainant may have this tubing at five cents per foot provided he takes the entire amount, and concludes with this statement:

"You are hereby authorized to sell the aforementioned tubing as you see fit and I hereby agree to pay to you, or your order, all sums above Five cents per foot you sell same for, however I will not deliver any of the above tubing until the entire amount has been sold.

"You may have 60 days to complete the sale."

The bill then alleges that the defendant by March 15, 1948 had sold all of this tubing.

The further allegation of the bill is that after this contract was made complainant expended much time, money and effort to sell this tubing and within the contract period did secure an order for all of it "from a responsible and reliable company" at seven cents per foot, but could not make delivery because defendant had sold all of this tubing.

The bill prays for a judgment of $17,000, being the profit which it is alleged complainant would have made at two cents profit per foot on the 850,000 feet of tubing.

There are quite a number of assignments of error bringing forward the various grounds of demurrer. Some of them seem to raise the same question by stating it in a different manner. Consideration of the insistences made will be considered in the order in which the questions in logical sequence are presented.

We are of the opinion that by fair and reasonable intendment this bill, given a natural construction, alleges

that the seamless steel tubing referred to by the agreement is that which the bill alleges was stored in and about the location specified in the bill. We are further of the opinion that when the bill alleged the defendant to have sold all of that material located at that place after the execution of this agreement and before the expiration of the sixty day period mentioned therein, the bill did thereby allege a breach of the contract.

The sale by defendant of all this material which he had agreed to sell to or on order of complainant obviated the necessity of the complaint making formal demand upon defendant for performance before instituting suit. The law is that:—

"If one party to a contract voluntarily disables himself from performing his part of the contract, the other party has an immediate right of action for the breach." *Brady* v. *Oliver,* 125 Tenn. 595, 612, 147 S.W. 1135, 1139, 41 L.R.A.,N.S., 60, Ann.Cas.1913C, 376.

Nor was it necessary under the facts alleged that the complainant await the expiration of the sixty day period mentioned in the contract before commencing his suit. The law is:

"That a cause of action arises when the acts and conduct of one party evince an intention no longer to be bound by the contract." *Church of Christ Home for Aged, Inc.,* v. *Nashville Trust Co.,* 184 Tenn. 629, 642, 202 S. W. 2d 178, 183.

Contrary to defendant's insistence, we think the defendant did not reserve the right to sell elsewhere this 850,000 feet of seamless steel tubing during the life of the contract. The contract was that defendant would upon demand at any time within sixty days deliver that tubing to the complainant, or his order. Obviously, he could not deliver within the sixty day period since he had sold it

to some one else. As pointed out in *McFadden* v. *Crisler,* 141 Tenn. 531, 538, 213 S.W. 912, a distinction must be drawn between the defendant's power to sell, it being in his possession, and his right to do so. His rights under the contract as alleged had been surrendered during the sixty day period. This language of the contract likewise disposes of the insistence that defendant had a right to revoke this unilateral contract at any time before complainant had made a sale within the sixty day period unless, as defendant insists, this unilateral agreement was without consideration.

The bill alleges that after this unilateral agreement was made complainant spent considerable time, money and effort to sell this tubing. The brief of appellees cites and quotes from a Connecticut Case which seems to be directly in point on this question. The holding of that Court being:

"The fact that the plaintiff, upon the receipt from the defendants of the writing, Exh. A., used reasonable efforts to procure a purchase and expended money and time in so doing, constitutes a sufficient basis for the Court's holding that in law there was such an acceptance of the offer contained in Exhibit A as creates a mutual contract. *Hayes* v. *Clark,* 95 Con. 510, 111 A. 781."

We are referred to the case of *Hutchinson* v. *Dobson-Bainbridge Realty Company, Inc.,* 31 Tenn. App., 490, 217 S. W. (2d) 6, decided by the Court of Appeals in 1946. In the opinion written for the Court by JUDGE FELTS, he went into this question of lack of consideration in a contract of this character very carefully, and after a very fine discussion of the question reached the conclusion, with which we agree, viz.:

"Where the offeree or broker manifests his assent to the offer by entering upon performance and spending

time and money in his efforts to perform, then the offer becomes irrevocable during the time stated and binding upon the principal according to its terms," citing many cases.

The insistence is that the bill does not allege the defendant to have sold this material but only that some agent of defendant whose authority is not alleged told complainant that defendant had sold the tubing. The bill does allege that after the execution of the agreement "the defendant sold and delivered quantities of said seamless steel tubing to other parties" and that "the defendant breached his contract with the complainant" to sell him this tubing whereby complainant was unable to make delivery to the one to whom he had sold it at seven cents per foot. This seems to fairly allege a sale by defendant of the material in question.

Finally, it is said that the bill "does not allege complainant secured a purchaser ready, able and willing to purchase said tubing upon the terms specified." The bill alleges that complainant "secured an order from a responsible and reliable company for the purchase of the said seamless steel tubing for the sum of seven cents per lineal foot, which purchase order could not be consummated because of defendant's breach of his contract and agreement with the complainant." That allegation refutes the insistence just stated.

What has hereinabove been said and held disposes of all insistence made by the assignments of error and results in our conclusion that the Chancellor did not err in overruling the demurrer. The cause is remanded for further appropriate proceedings, with costs of the appeal adjudged against the appellant.

All concur.