ROBINSON *et al.* *v.* DURABILT MFG. CO.

(*Nashville*, December term, 1952.)

Opinion filed July 17, 1953.

THOMAS R. PREWITT, and (ARMSTRONG, McCADDEN, ALLEN, BRADEN & GOODMAN, of Memphis, of counsel), for plaintiff in error.

ROBERT A. UDELSOHN, of Memphis, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Durabilt Manufacturing Company, defendant-in-error, here, was the owner of a machine called a crop drier which it sold wholesale in various states of the union. Dixon Robinson, plaintiff-in-error here, was experienced in the distribution and sale of articles of this nature in the southern states. Durabilt Manufacturing Company and Robinson entered into an oral contract whereby it was agreed that Robinson should have the exclusive agency for the sale of this machine in a number of southern states, including Mississippi. He was to pay Durabilt $700 for each machine and sell it for whatever price he pleased. That profit, if any, was to be his total compensation. Any expense which he incurred in selling or promoting the sale of these machines was to be paid by Robinson with no right of any reimbursement by Dura-

bilt. Robinson alone decided what expenses he would incur. He was not bound to sell any number of machines, nor was the Durabilt Manufacturing Company obligated to furnish him any specific number. The contract was determinable at any time at the instance of either party.

The arrangement stated continued for about two years during which time Robinson sold several machines. During this time he had expended "several thousand dollars" in advertising the machine in the southern states, and in thereby creating a demand or market for it. Then it was that Durabilt Manufacturing Company, over the protest of Robinson, granted an agency to another person for the sale of these machines in Mississippi. The contract with Robinson was terminated and he brought this suit to recover damages on a quantum meruit basis alleging in his declaration the statements hereinabove made. The amount of damages sought is the amount of expense incurred in the advertising and promotion of the sale of this article in the southern states.

The Court sustained a demurrer on the ground that the contract alleged was indefinite, unenforceable, without mutuality or consideration. Robinson has appealed.

Where the compensation to be received for the performance of a service is stipulated in the contract, there can be no recovery under that contract on a quantum meruit basis for more than the sum stipulated. *Massey* v. *Taylor, Wood & Company,* 45 Tenn. 447. Robinson has already received that amount in that the compensation to be received was whatever profit he made from the sale of the machines. So, under the strict common-law rule Robinson is not entitled to recover anything on a quantum meruit basis.

However, the strict common-law "rule has been so far modified that where any thing has been done from which

the other party has received a substantial benefit, and which he has appropriated, a recovery may be had based upon such benefit. The basis of this recovery is not the original contract, but a new-implied agreement deducible from the new delivery and acceptance of some valuable service or thing." *Fildew* v. *Besley,* 42 Mich. 100, 3 N. W. 278, 279, 36 Am. Rep. 433, 434. A fair construction of Robinson's declaration leads easily to the conclusion that it is this principle of law that the pleader had in mind in seeking a recovery by reason of this contract on a quantum meruit basis for the expenses incurred in the aforesaid advertisements, the benefits of which will now be received by Durabilt Manufacturing Company to the exclusion of Robinson.

The Supreme Court of Illinois, in discussing the aforesaid exception to the common-law quantum meruit rule, said that "where the employer *has it in his power* to rescind the contract in toto, and *abandon the portion performed,* he will be required so to do, as otherwise he will be considered as acquiescing, by receiving the work, and will be liable over upon a quantum meruit for whatever it may be worth". *Eldridge* v. *Rowe,* 2 Gilman, Ill., 91, 43 Am. Dec. 41, 46. (Emphasis supplied.) That is, where the nature of the benefit received by the employer is such that it cannot be abandoned by him upon his termination of a contract which he has a right to terminate, then he will not be required to pay for the receipt of such benefit.

The limitation stated in the Illinois case, supra, to the aforesaid exception to the common-law quantum meruit rule is expressed in different language by our Court of Appeals in *Weatherly* v. *Agricultural Chemical Co.,* 16 Tenn. App. 613, 623, 65 S. W. (2d) 592, 598, wherein the Court, after observing that contracts " 'which are im-

posed or created by law without the assent of the party bound, on the ground that they are dictated by reason and justice and which are allowed to be enforced by an action ex contractu' '', then said that ''the court can declare implied covenants to exist only when there is a satisfactory basis in the express contract of the parties which makes it necessary to imply certain duties and obligations in order to effect the purposes of the parties to the contract made. And before a covenant will be implied in the express terms of a contract, * * * it must appear therefrom that it was so clearly in the contemplation of the parties that they deemed it unnecessary to express it, or that it is necessary to imply such covenant in order to give effect to the purpose of the contract as a whole.''

■ Durabilt Manufacturing Company and Robinson contemplated that expenses would be incurred in the sale of this machine. It was expressly agreed that Robinson should pay all these expenses. When Robinson agreed to this he knew that Durabilt Manufacturing Company had the right to terminate this contract at any time, as did he. Therefore, there is no ''satisfactory basis in the express contract of the parties which makes it necessary to imply'' a duty upon the part of Durabilt Manufacturing Company to reimburse Robinson for expenses incurred because Durabilt elected in accordance with its right to terminate the contract. Under the rule stated, therefore, by our Tennessee case, supra, recovery could not be had on a quantum meruit basis for the expense incurred by this advertisement.

The same result follows under the limitation stated in the Illinois case, supra. When Durabilt Manufacturing Company repudiated this contract, as it legally could, it had the right to sell its machinery in the State of Mississippi. It is a fact that in so doing it theoretically

will receive the benefits resulting from Robinson's advertisement but it is not within the power of Durabilt Manufacturing Company to abandon those benefits without abandoning its right to sell its machinery in that state. In that situation, as pointed out in the Illinois case, supra, the Court will not construct a contract whereby the employer is required to pay for the benefit which it thus receives. See also 12 American Jurisprudence, page 918, Section 353.

In support of his insistence the brief submitted in behalf of Robinson refers especially to *Goodloe* v. *Goodloe*, 116 Tenn. 252, 92 S. W. 767, 6 L. R. A., N. S., 703; *Lazarov* v. *Nunnally*, 188 Tenn. 145, 217 S. W. (2d) 11; and *Allen* v. *Elliott Reynolds Motor Company*, 33 Tenn. App. 179, 230 S. W. (2d) 418. In the Goodloe case no compensation had been paid to the employee for services furnished over a period of years. In the Lazarov and Allen cases the defendant illegally repudiated a valid agreement after the plaintiff had incurred expenses in reliance upon it. Neither of those situations exists in the case at bar.

For the reasons stated, the judgment of the Circuit Court dismissing the bill must be affirmed with costs taxed against plaintiff-in-error and his surety.

PREWITT, Justice, did not participate in the consideration of this case.