GLENN W. HOWARD

*v.*

BETH SAXON HOUCK, HENRY B. HOUCK and CARL JUDKIN.

360 S.W.2d 55.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

550

Ballon & Farrar, William E. Friedman, Memphis, for appellant.

Hal Gerber, Memphis, for appellee Judkin.

Harold R. Ratcliff, Memphis, for appellees Houck.

Mr. Justice Burnett delivered the opinion of the Court.

This suit was filed for damages for breach of contract. The suit against the Houcks is based upon the allegations in the bill of their breach of a written contract between them and the appellant, Howard. The basis of the suit against Judkin is bottomed on sec. 47-

1706, T.C.A., procuring the breach of a contract. The bill, as amended, was demurred to by each of the defendants on the ground that the complainant had failed to comply with his part of the contract in making a tender in compliance with the terms of the contract between the appellant and the appellees, Houcks. Both demurrers were sustained and the bill dismissed. From this action of the Chancellor the cause has been seasonably appealed, briefs filed, arguments heard, and we now have the matter for disposition.

In November, 1958, the appellant, Howard, and the appellees, Houcks, owned what is known as "Abbe's Telephone Answering Service". At that time Howard sold his one-half interest in this service to the Houcks, and in the contract of sale the parties agreed that Howard, the appellant, "from October 1, 1961 to January 1, 1962, shall have the option to purchase a one-half (½) interest in said Abbe's Answering Service for the sum of One Thousand Dollars ($1,000.00). If said Glenn W. Howard and ——— fail to exercise their option and pay the said ONE THOUSAND DOLLARS ($1,000.00) on or before January 1, 1962, then this option shall cease and become void." Above the blank after Howard, above, are the initials apparently of the Houcks. There is no question but that the other parties to the contract were the Houcks. The bill alleges that on or before October 1, 1961, the Houcks were notified many times both by letter and by word of mouth, as well as Judkin, that it was the intention of Howard to exercise his option. It is alleged that Judkin was buying this service, and as a result of this, Judkin was notified that Howard intended to exercise his option to purchase a half interest in this service and he was warned against interfering or trying

to breach the contract. Regardless of this fact, the bill alleges that on or about September 18, 1961, Judkin purchased the interest of the Houcks in this service, that was reserved under the contract, for a considerable sum of money and that since that time Judkin "has exercised full rights of ownership over said business; is in active charge of the management thereof; and is to all outward intents and purposes the owner thereof; as in truth and fact, he is, and has been prior to October 1, 1961, although complainant does not know the exact date he became the owner thereof."

■ Of course, all facts averred in a bill which is demurred to and any and all reasonable and natural inferences to be drawn therefrom are admitted when the bill is demurred to. The demurrer, of course, does not admit conclusions of fact by the pleader, or the one who draws the bill.

■ Under the allegation of facts of this bill and reasonable inferences to be drawn therefrom, it is clear that the Houcks sold the subject of this contract to Judkin prior to the date under which Howard was to exercise an option, to-wit, October 1, 1961. By thus making this sale the only and every inference to be drawn therefrom is that thus the Houcks did not have the right or power to live up to their contract of 1958 where they gave Howard the right to repurchase a half interest in this property that was conveyed under this contract. As said by this Court in *Lazarov v. Nunnally*. 188 Tenn. 145, 217 S.W.2d 11:

"The sale by defendant of all this material which he had agreed to sell to or on order of complainant obviated the necessity of the complaint making for-

mal demand upon defendant for performance before instituting suit.''

Then the Court quotes from an older case, the opinion of this Court in *Brady v. Oliver,* 125 Tenn. 595, 147 S.W. 1135, 41 L.R.A.,N.S., 60, that ''If one party to a contract voluntarily disables himself from performing his part of the contract, the other party has an immediate right of action for the breach.'' It seems clear to us that the sale to Judkin took it out of the power and hands of the Houcks to comply with their contract, and when such is done the tender as provided for in the contract is not necessary, but an immediate right of action for breach of the contract then comes about.

A Massachusetts court in *Leigh v. Rule,* 331 Mass. 664, 668, 121 N.E.2d 854, analyzed the situation and said:

''But the law does not require a party to tender performance if the other party has shown that he cannot or will not perform.''

Here this bill alleges that performance is beyond the power of the Houcks and thus under the facts here alleged there was a breach of the contract, and Howard had a right of action immediately for his damages.

The proposition here is rather well stated in American Law Institute, Vol. I, Contracts, at page 475, sec. 318(b), when the author of that work says that there will be anticipatory repudiation of a contract when or by ''transferring or contracting to transfer to a third person an interest in specific land, goods, or in any other thing essential for the substantial performance of his contractual duties''. This is what happened here under the averments of this bill. In 17 C.J.S. Contracts sec.

481, page 986, there is a paragraph on excuses for non-tender, wherein many cases are cited and it is shown that when it is out of the power of the party to perform the contract then where tender is due the tender is waived and is not necessary. What would be the reason, or what could be gained by making a tender after the parties have done away entirely with what they agreed to convey when tender was made? Clearly such a sale obviates a tender and constitutes a breach of the contract, giving the party injured the right of immediate action for breach of this contract.

■■ The suit against the Houcks is based upon the breach of a written contract between the parties. They are in privy. The suit against Judkin as said before is based upon the violation of a statute. Where this statute has been violated, according to the terms of the statute and many cases annotated thereunder, a right of action ensues against the party who procured this breach. Whether or not the facts of the instant case will bring it within that breach depends, of course, upon the development of the facts when this case is heard upon the facts. Under the allegations of this bill the breach by Judkin of this statute is stated.

We have read, re-read and re-read the bill herein. This Court has had advantage of the Chancellor in studying this matter because we more or less can take a resting sight in determining these things while frequently the lower court does not have this opportunity. We feel that the Chancellor if he had had the opportunity we had in this he would have determined it the same way we have above.

The result is that the order of the lower court in sustaining the demurrers hereto is reversed and the cause remanded for answers of these defendants. The costs of the appeal are adjudged against the three appellees. The costs in the lower court will await the outcome there when the case is developed as herein set forth.