PULCIR, INC.

v.

ARTRONIX, INC.

Civ. No. 3–78–95.

United States District Court,
E. D. Tennessee, N. D.

July 18, 1978.

**94**

Hugh W. Morgan, Knoxville, Tenn., for plaintiff.

Lewis C. Foster, Jr., Knoxville, Tenn., for defendant.

## OPINION RENDERED FROM THE BENCH

ROBERT L. TAYLOR, District Judge.

In many respects this is an unusual case. The contract was alleged to have been breached in 1973, but suit was not instituted until April 12, 1978, or more than five years after the alleged breach.

■ One of the theories of plaintiff is that the contract is ambiguous and therefore it should be construed against the defendant since defendant drafted the instrument. The relevant paragraph in the contract reads in part as follows:

> "Termination of this appointment can be effected at any time, either by you or by Artronix by giving the other party 30 days notice in writing. All orders received by us prior to the termination date and shipped within 60 days of the termination day will be commissionable to you."

In the opinion of the Court, the reasonable interpretation of this provision is that unless the order was received by the manufacturer prior to the termination date and the goods shipped within 60 days of the termination date, no commission was earned.

The termination date in this case was March 12, 1973. The order from the Medical College of Georgia, Augusta, Georgia, was received on May 2, 1973; shipment was made May 31, 1973. The order from Richland Memorial Hospital, Columbia, South Carolina, was received on May 13, 1974, and shipment was made on June 12, 1974. The order from the University of Mississippi Hospital, Jackson, Mississippi, was received on May 23, 1974, and shipment was made on June 25, 1974. The Memphis and Shelby County Hospital order was received on July 11, 1973, and the shipment was made July 17, 1973.

As has been pointed out, there are two conditions to the payment of a commission after termination of this contract:

(1) The purchase order on equipment sold by the plaintiff must have been received by the defendant prior to

plaintiff's termination date, on March 12, 1973, as to the sales in Tennessee.

(2) The equipment must have been shipped within 60 days of the plaintiff's termination date.

Plaintiff has failed to show by the preponderance of the evidence that either of the conditions set out in the contract has been complied with.

Therefore, the Court is of the opinion and finds that plaintiff is not entitled to a commission under the contract in this case. *Robich v. Patten Button Company of Tennessee, Inc.*, 417 F.2d 890 (6th Cir. 1969).

The evidence further indicates that the five separate sales for which plaintiff claims commissions were not consummated solely as a result of plaintiff's efforts. They were consummated at least in part as a result of the joint effort of plaintiff and the defendant. The preponderance of the proof indicates that defendant's employee, Mr. Berry, did far more work in connection with these sales than did plaintiff or his representative. At any rate, plaintiff's unjust enrichment theory is disposed of by the Tennessee Supreme Court's opinion in *Robinson v. Durabilt Manufacturing Co.*, 195 Tenn. 452, 260 S.W.2d 174 (1953). There the Court, in discussing a similar quantum meruit claim, said:

> "The Supreme Court of Illinois, in discussing the aforesaid exception to the common-law quantum meruit rule, said that 'where the employer *has it in his power* to rescind the contract in toto, and *abandon the portion performed*, he will be required so to do, as otherwise he will be considered as acquiescing, by receiving the work, and will be liable over upon a quantum meruit for whatever it may be worth.' *Eldridge v. Rowe*, 2 Gilman, Ill., 91, 43 Am.Dec. 41, 46 (emphasis supplied). That is, where the nature of the benefit received by the employer is such that it cannot be abandoned by him upon his termination of a contract which he has a right to terminate, then he will not be required to pay for the receipt of such benefit."

See also *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150 at 155 (1966).