IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 28, 2017 Session

## KRISTIN HOLLOWAY v. GROUP PROPERTIES LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-003394-15  Robert Samual Weiss, Judge**

_____

**No. W2016-02417-COA-R3-CV**

_____

This negligence case was brought by Appellee/Tenant, who suffered injuries when a light fixture and a portion of the rental property ceiling fell due to a water leak. Tenant received a judgment in the general sessions court, and Appellant/Landlord appealed to the circuit court. Following *de novo* review, the circuit court entered judgment in favor of Tenant. Landlord appeals. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Andre Bernard Mathis, Memphis, Tennessee, for the appellant, Group Properties, LLC.

Michael S. Long, Memphis, Tennessee, for the appellee, Kristin Holloway.

## MEMORANDUM OPINION[1]

### I. Background

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Kristin Holloway ("Tenant" or "Appellee") rented an apartment from Group Properties, LLC ("GP" or "Appellant"). Approximately two months after Ms. Holloway moved in, she noticed water leaking from the kitchen ceiling. Ms. Holloway notified James Gross, one of GP's owners. Mr. Gross inspected the property but did not find the leak; therefore, he did not contact a plumber. The ceiling of Ms. Holloway's kitchen is textured drywall, and the kitchen light fixture is a fluorescent tube light, approximately four-to-five feet long with a textured plastic cover. Photos taken after the incident and admitted into evidence show water stains on the light fixture and the textured ceiling. Ms. Holloway testified that, after Mr. Gross' initial inspection, she continued to observe water leaking from the kitchen ceiling. Accordingly, she notified Mr. Gross on several other occasions; Mr. Gross disputes that Ms. Holloway contacted him after his initial inspection. On October 29, 2014, Ms. Holloway was standing in her kitchen when the light fixture fell. The fixture had accumulated water, and the water, fixture cover, and a portion of the ceiling fell and struck Ms. Holloway. Ms. Holloway then slipped and fell in the water, sustaining injuries to her head, neck, back, and elbow.

On April 28, 2015, Ms. Holloway filed a civil warrant in the Shelby County General Sessions Court, seeking compensatory damages for her medical costs and punitive damages. She alleged that GP was negligent in "fail[ing] to repair the ceiling" after she notified it of the water leak. On July 29, 2015, the general sessions court entered judgment in favor of Ms. Holloway in the amount of $4,940.00. On August 7, 2015, GP filed an appeal to the Circuit Court of Shelby County ("trial court").

Following a hearing on July 12, 2016, the trial court entered judgment, on August 30, 2016, in favor of Ms. Holloway. In relevant part, the trial court found:

> [Appellant] relied on the ruling in *Lethcoe v. Holden*[] to support its position that [Appellee] failed to meet its burden to establish a cause of action as a premises liability matter.
>
> While [Appellee] failed to specifically cite the Uniform Residential Landlord and Tenant Act in its Amended Civil Warrant, the nature of the suit stemmed from the landlord-tenant relationship and as such the Court finds that the holding in *Lethcoe* is inapplicable to the case at bar.
>
> [Appellant] was on notice of a leak coming from the second floor of the duplex, leaking into the kitchen area of the apartment.
>
> [Appellee] presented medical bills in the total amount of $3,804.00 which were attached to the Civil Warrant and accordingly are deemed reasonable and necessary pursuant to Tenn. Code Ann. § 24-5-113[.]
>
> [Appellee] is entitled to damages for pain and suffering as a result of

the incident in the amount of $1,200.00.

IT IS THERFORE ORDERED, ADJUDGED AND DECREED:

* * *

That [Appellee] satisfied [her] burden of establishing that [Appellant] was liable for the damages sustained.

[Appellee] established that there were total damages in the amount of $5,040.00.

On September 26, 2016, Appellant filed a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment, which the trial court denied by order of November 3, 2016. GP appeals.

## II. Issues

GP raises four issues for review, as stated in its brief:

1. Whether [Appellee's] lawsuit was an action brought pursuant to the Uniform Residential Landlord and Tenant Act?

2. Whether [Appellee] was entitled to damages for a violation of the Uniform Residential Landlord and Tenant Act?

3. Whether [Appellee's] negligence/premises liability claim is barred because [Appellee] failed to prove any exception to the general rule that landlords are not liable to tenants for an alleged defective condition on the property that was not present when [Appellee] executed her lease?

4. Whether the Trial Court erred in denying [Appellant's] Motion to Alter or Amend Judgment?

## III. Standard of Review

In a non-jury case, our review is *de novo* upon the record of the proceedings below with a presumption of correctness as to the trial court's factual findings, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); ***Armbrister v. Armbrister***, 414 S.W.3d 685, 692 (Tenn. 2013). We review questions of law *de novo* with no presumption of correctness. ***Kelly v. Kelly***, 445 S.W.3d 685, 692 (Tenn. 2014) (citing ***Armbrister***, 414 S.W. 3d at 692).

## IV. Analysis

GP first contends that Ms. Holloway "should not have been permitted to recover damages against Group Properties because she failed to comply with the URLTA's [*i.e.*, the Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101, *et seq.*] notice requirement." Appellee did not file a complaint in the trial court; however, Appellee's civil warrant states, in relevant part, that she is seeking damages

> resulting from the light fixture and the ceiling falling upon [Appellee] on or about October 29, 2014 at [the apartment]. [Appellant] was the **owner of the said premises** and [Appellee] was a **tenant who leased the property** from [Appellant]. [Appellant] failed to repair the ceiling after notification by [Appellee] and was guilty of negligence which caused injuries to [Appellee]. [Appellee] sues [Appellant] for compensatory and punitive damages.

(Emphasis added). We glean from its brief that GP's argument concerning the nature of Appellee's pleading is twofold. First, GP appears to argue that Ms. Holloway's complaint fails to state a claim for relief under the URLTA. Second, GP appears to argue that Ms. Holloway's sole recourse is pursuant to the URLTA, and, having allegedly failed to plead a URLTA claim, she cannot recover under a theory of common law negligence.

Concerning the question of whether Ms. Holloway's complaint states a claim under the URLTA, Rule 8.01 of the Tennessee Rules of Civil Procedure only requires that a claim contain: "(1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks." Here, Appellee's pleading clearly establishes the parties' relationship, *i.e.*, landlord and tenant, and alleges that GP had a duty to repair the ceiling after Ms. Holloway notified it of the leak. Ms. Holloway's pleading also asserts that GP's negligence stems from its failure to make necessary repairs. Liberal interpretation of the averments in pleadings has long been the rule in Tennessee. *See, e.g.*, ***Lazarov v. Nunnally***, 217 S.W.2d 11 (Tenn. 1949); ***Read v. Memphis Gayoso Gas Co.***, 56 Tenn. 545, 550 (Tenn. 1872). We conclude that Ms. Holloway's pleading is adequate to state a claim for relief under either the URLTA or under a theory of common law negligence.

Concerning whether Ms. Holloway must choose her action as between the URLTA and common law, Appellant has cited no authority for the proposition that a plaintiff may not assert negligence claims against his or her landlord under both theories. In fact, Tennessee Code Annotated Section 66-28-103(c) states, "unless displaced by this chapter, the principles of law and equity… supplement [the URLTA's] provisions." Additionally, our research reveals several cases in which this Court has considered URLTA claims and common law claims in the same lawsuit. ***See, e.g.***, ***Boone v. Gibson***, No. E2003-00226-COA-R3-CV, 2004 WL 367621, at *5 (Tenn. Ct. App. Feb. 27, 2004)

(applying the common law to determine whether the landlord's former wife was a "person authorized to enter into a rental agreement" under the URLTA); *Miller ex rel. Miller v. Hill*, No. E2002-02018-COA-R3-CV, 2003 WL 252625, at *2 (Tenn. Ct. App. Jan. 31, 2003) (considering a common law negligence claim alongside the URLTA's statutory duty for a landlord to maintain a common area).

Regardless, under the particular facts of this case, the question of whether Appellee's claim for recovery is under the URLTA or the common law is not dispositive. Here, the notice requirement under the URLTA, which Appellant asserts Ms. Holloway did not satisfy, would only affect the type of damages Ms. Holloway can receive. The URLTA, if applicable, provides for damages and certain remedies that are unavailable under common law. Tenn. Code Ann. § 66-28-501(a) ("…the tenant may… obtain injunctive relief and recover reasonable attorney's fees for any noncompliance by the landlord with the rental agreement or any section of this chapter upon giving fourteen (14) days' written notice."). Under the plain language of Section 66-28-501(a), damages for attorney's fees are available on proper notice. Here, Ms. Holloway was awarded only compensatory damages. She was not awarded other damages available only under the URLTA.

The *prima facie* case for negligence, under either the URLTA or the common law, is ostensibly the same. Pursuant to the URLTA, a landlord has a duty to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." Tenn. Code Ann. § 66-28-304(a)(2). The Tennessee Supreme Court has stated a landlord's duty under a common law negligence theory as follows:

> A landlord is liable only for injury arising from a failure to act with the degree of forethought and intelligence that characterizes the conduct of prudent men in general. The rule does not place upon the landlord the obligation of an insurer or warrantor by contract, nor does it impose the extreme duty of constant care and inspection, but **only reasonable care and diligence; and like reasonable care and diligence are required of the tenant**.

*Jolly Motor Livery Corp. v. Allenberg*, 221 S.W.2d 513, 515 (Tenn. 1949) (emphasis added). "[T]his duty is simply the duty of ordinary care, applicable to a wide variety of tort cases." *Arzanzarrin v. Johnstown Props., Inc.*, No. 01-A-01-9406-CV00259, 1994 WL 672675 at *3 (Tenn. Ct. App. Dec. 2, 1994). Under either the URLTA or common law, the landlord must have notice of the defective condition on the leased premises. As set out in full context above, the trial court specifically found that "[Appellant] was on notice of a leak coming from the second floor of the duplex, leaking into the kitchen area of the apartment." Regardless of whether the legal duty was derived from the URLTA or from the principles of common law negligence, on receiving notice of a potential defect, GP had a duty to inspect Ms. Holloway's apartment, locate the defect, and repair it.

Because GP failed to repair the leak, the water damaged the ceiling and light fixture, as made clear by the photos included in the record, until they collapsed and fell on Ms. Holloway, injuring her. Although there is some dispute concerning whether Ms. Holloway notified GP after Mr. Gross' initial inspection, the initial call and inspection was sufficient to inform GP of the problem with water leaking in the kitchen.

Appellant spends a good portion of its brief arguing that *Lethcoe v. Holden*, 31 S.W.3d 254 (Tenn. Ct. App. 2000), bars Appellee's common law negligence claim. However, Appellant's reliance on *Lethcoe* is misplaced due to the factual distinctions between *Lethcoe* and the case at bar. In *Lethcoe*, the tenant used the leased premises commercially as a tire buffing and recapping facility. *Id*. at 255. The tenant's business created an accumulation of dust and rubber shavings on the roof, and the tenant annually cleared the roof of dust and rubber shavings to maintain the property. *Id.* at 256. The roof collapsed and killed one of the tenant's employees, and the decedent's wife filed *Lethcoe* as a wrongful death action against the landlord, alleging that the landlord failed to repair a dangerous condition. *Id.* at 255-57. In *Lethcoe*, the lessee created the dangerous condition and, for a period of several years, remedied the condition by clearing the roof. *Id.* at 256. There is no evidence that Ms. Holloway created the dangerous condition in her apartment; as such, the *Lethcoe* holding is inapplicable to the facts presented in this case.

Appellant also cites this Court's opinion in *Fuller v. Banks* to support its contention that it is not liable for the dangerous or defective condition of the residential property it leased to Ms. Holloway. Respectfully, Appellant misinterprets our holding in *Fuller*. In *Fuller*, the tenant fell as she was ascending stairs to her front porch when the porch railing came loose, and the trial court granted summary judgment in favor of the landlord. *Fuller v. Banks*, No. W2015-01001-COA-R3-CV, 2016 WL 409639, *1 (Tenn. Ct. App. Feb. 3, 2016). This Court affirmed, stating that the tenant's deposition testimony established that she used the stairs and handrail multiple times each day for eleven months prior to her fall and only noticed evidence of a defect *after* her fall, when she saw loose bricks around the post of the handrail. *Id.* at *5-6. In the absence of proof that the landlord had notice of a defect in the porch railing prior to the accident, we concluded that the landlord had not breached any duty to repair. *Id.* Here, as discussed above, the evidence does not preponderate against the trial court's finding that "[Appellant] was on notice of a leak coming from the second floor of the duplex, leaking into the kitchen area of the apartment." Because Appellant had notice of the water leak, Appellant had a duty to find and repair the source of the leak. Having failed to do so, Appellant is liable for injuries sustained by Ms. Holloway when the fixture and ceiling fell on her. Accordingly, we affirm the judgment of the trial court and its denial of Appellant's motion to alter or amend.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's judgment. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Group Properties, LLC, and its surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE