**Tom DUKE, Plaintiff–Appellant,**

v.

**REPLOGLE ENTERPRISES, a/k/a Replogle Sawmill, Defendant–Appellee.**

Supreme Court of Tennessee, at Jackson.

Dec. 19, 1994.

T. Verner Smith, Jackson, for appellant.

R. Dale Thomas, Clay M. McCormack, Jackson, for appellee.

## OPINION

O'BRIEN, Justice.

In this workers' compensation action, the plaintiff appeals the trial court's judgment dismissing his claim for benefits on the basis that the employer, doing business under the trade names of Replogle Enterprises, a/k/a Replogle Sawmill and styled as such in the plaintiff's original and timely complaint, does not have a legal existence and, therefore, is not capable of being sued.

The essential issue for review concerns whether the employee should be permitted to amend his complaint, after the statute of limitations has expired, to include the name of the sole proprietor employer, Nathan Replogle, d/b/a Replogle Enterprises, Replogle Sawmill, in the style of the case.

The applicable procedural facts are as follows. The plaintiff, Tom Duke, has worked as a timber cutter for the defendant, Nathan Replogle, since September 1989. In a Complaint for compensation benefits, filed on 31 January 1992, Duke alleged that on 1 February 1991, he received a compensable injury while in the course and scope of his employment with the defendant, Replogle Sawmill. When originally filed, the Complaint improperly styled the defendant as Replogle Enterprises, a/k/a Replogle Sawmill. On the day of filing, a summons was issued upon the Complaint and, on 4 February 1992, a copy was served on Nathan Replogle at his place of business in Henry County.

On 5 March 1992, the defendant filed a Motion to Dismiss pursuant to Tenn.R.Civ.P. 9.01, asserting the specific negative averment, that Replogle Enterprises, a/k/a Replogle Sawmill had no legal existence and was not capable of being sued. On 10 March 1992, the plaintiff filed a Motion to Amend

the Complaint to include the name of Nathan Replogle as a defendant.

On 29 September 1992, the defendant filed an Amended Motion to Dismiss averring, in addition to the named defendant's lack of legal existence, that Tenn.R.Civ.P. 15.03, will not allow an amendment to add a new party-defendant to relate back to the date of the original complaint in instances where the added party receives notice after the statute of limitations has run.

Tennessee Rules of Civil Procedure 15.03 provides:

**15.03 Relation Back of Amendments.**
Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom the claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

Further, the Advisory Commission Comments on Rule 15.03 state:

Under prior law, an amendment which added a new party plaintiff or substituted a party plaintiff, related back to the institution of the original suit, and thus could be made even though an applicable statute of limitations would have barred a new suit by the new or substituted party [*Whitson v. Tennessee Cent. R.R.*, 163 Tenn. 35, 40 S.W.2d 396 (1930); *Mosier v. Lucas*, 30 Tenn.App. 498, 207 S.W.2d 1021 (1947); *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700 (1954) ]. But where the amendment sought relief against a new party defendant after the statute of limitations has barred a new suit, such defendant could successfully plead the bar [*Mellon v. American Flour & Grain Co.*, 9 Tenn.App. 383 (1929) ].

Under Rule 15.03, an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading and thus avoid the bar of any statute of limitations *if, and only if, the party brought in by amendment receives notice, before the statute has run,* that the suit has been brought and that he knows or should have known that but for misnomer or similar mistake the suit would have been brought against him. The rule does not, therefore, raise any possibility that a person who has had no reason to know that he is expected to respond to a claim will be brought into a suit after the applicable statute of limitations has run.

While the original Complaint was timely filed, it is conceded that the statute of limitations had run when the defendant received notice of both the original Complaint, on 4 February 1992, and Certificate of Service attached to the plaintiffs March, 1992 Motion to Amend the improperly styled Complaint. Therefore, the defendant argues, under the terms of Rule 15.03 and the accompanying Advisory Comments, the plaintiff's claim is time barred. Considering the clear language of 15.03, the Committee's Comments and case precedent, we must agree.

[A] party sought to added by amendment must receive notice of the lawsuit before the limitation period expires, in order for the amendment to relate back to the filing of the complaint.

*Allen v. Riverside Edge Motor Lodge,* 861 S.W.2d 364 (Tenn.App.1993). The United States Supreme Court, interpreting the identical federal counterpart, Federal Rules of Civil Procedure 15(c) (since amended to avoid this very result) declined "to temper plain meaning of the language by grafting upon it an extension of the limitations period ..." *Schiavone v. Fortune,* 477 U.S. 21, 30, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986).

As Rule 15.03 now stands, had the service of process on Nathan Replogle been *served* before the expiration of statutory limitations, the plaintiff's amendment to add the proper party-defendant would have related back to the date of the original complaint and the cause would not have been time barred.

Accordingly, the judgment of the trial court dismissing the plaintiff's cause of action for worker's compensation benefits is affirmed. Costs are taxed to the appellant.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.