**Miranda LEGLEU, Plaintiff–Appellee,**

**v.**

**CLARKSVILLE DEPARTMENT OF ELECTRICITY, Defendant–Appellant.**

Court of Appeals of Tennessee, Western Section, at Nashville.

April 21, 1995.

Application for Permission to Appeal Denied by Supreme Court March 3, 1997.

Patrick Johnson, Nashville, for Plaintiff–Appellee.

Frank J. Runyon, Clarksville, for Defendant–Appellant.

CRAWFORD, Judge.

This case is before the Court pursuant to T.R.A.P. 9. Defendant, Clarksville Department of Electricity, appeals from the order of the trial court that denied a motion to dismiss and that allowed plaintiff to amend her complaint to add the City of Clarksville as the real party in interest.

Plaintiff, Miranda Legleu, filed a complaint on April 20, 1994, against Clarksville Department of Electricity, seeking damages for personal injury sustained in a fall on defendant's premises May 5, 1993. Summons was issued on April 20, 1994, and the return of service states:

RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 22nd day of April, 1994, I served this summons together with the complaint herein as follows: By leaving a copy of summons and complaint with Robert D. Haywood for Clarksville Department of Electricity.

Sheriff

By: /s/ Ray John, Jr., D.S.

On May 12, 1994, Clarksville Department of Electricity filed a "Motion To Dismiss Complaint" that states in pertinent part:

Clarksville Department of Electricity is not a separate entity having the authority to stand on its own, is not separately incorporated from the city of Clarksville, not incorporated in any manner, and should not have been sued as if it had the capacity to be sued independently.

On June 6, 1994, plaintiff filed a motion to amend the complaint to add the City of Clarksville as a real party in interest. In support of the motion, plaintiff filed her affi-

davit which states that on the date of the accident she reported the accident and her injury to Mr. Dalton Smith, the general manager of the Department of Electricity.

Upon consideration of the motion, the trial court denied the defendant's motion to dismiss and granted plaintiff's motion to amend the complaint to add the City of Clarksville as the real party in interest. Clarksville Department of Electricity filed a motion in the trial court for interlocutory appeal by permission pursuant to T.R.A.P. 9 which was granted by the trial court and subsequently by this court.

The issues presented for review as stated in appellant's brief are:

1. Whether or not the trial court erred in granting Plaintiff's, Legleu, motion to amend her complaint substituting the City of Clarksville as the real party in interest pursuant to Tennessee Rules of Civil Procedure, Rule 15.

2. Whether or not the trial court erred in denying Defendant's, Clarksville Department of Electricity's, motion to dismiss based on the fact that Clarksville Department of Electricity did not have the capacity to be sued and a suit against the City of Clarksville is barred by the applicable statute of limitations as it pertains to governmental entities.

The issues will be considered together. The appellant assumes a somewhat unusual posture in this case. Although appellant argues that Clarksville Department of Electricity is a nonentity without capacity to be sued, the notice of appeal is filed by Clarksville Electric Department. We should first note that plaintiff's affidavit stating that on the date of her accident she notified the general manager of the department of electricity is not pertinent to the issues before this Court.

It is uncontroverted that Clarksville Department of Electricity is a nonentity and is merely a part of the organization of City of Clarksville. The defendant should have been correctly designated as City of Clarksville and the captioned defendant is clearly a misnomer. Our Supreme Court considered a somewhat analogous situation in *Goss v. Hutchins,* 751 S.W.2d 821 (Tenn.1988) where a suit was filed for personal injuries against the defendant named as the "Estate of Myrtle Hutchins." Subsequently, a nonsuit was taken and the suit instituted almost a year later against the same named defendant, "The Estate of Annie Myrtle Hutchins" and another. In both suits, the administrator of the estate was served. After the second suit was filed, the "Estate of Annie Myrtle Hutchins" filed a motion to dismiss the case as "improperly brought" against an estate rather than its representative. Plaintiffs then filed a motion to amend the complaint to sue the defendant as Executor of the Estate of Myrtle Hutchins. A motion to dismiss was denied and the motion to amend was granted. The case primarily involved the application of the savings statute, and the Court, after determining that the estate was not a proper party defendant, reached the issue of "whether plaintiffs sued the personal representative of the Hutchins estate in the first lawsuit, filed on 1 October 1981 so that the second suit was timely filed by virtue of the savings statute." *Id.* at 824. The defendant argued that an estate is not a proper party to be sued because it is not a legal entity, that an action brought against an estate is a complete nullity and since the action is a complete nullity, the savings statute cannot be used to avoid the statute of limitations because there is nothing to save. In answering this argument, our Supreme Court said:

The rule in Tennessee before the adoption of the Tennessee Rules of Civil Procedure was that the failure to correctly identify a defendant in the caption was not a fatal defect if the bill itself stated a cause of action against the defendant. *See Altman v. Third National Bank,* 30 Tenn. App. 81, 88, 203 S.W.2d 701, 704 (1947); *Rose v. Third National Bank,* 27 Tenn. App. 553, 564–65, 183 S.W.2d 1, 5–6 (1944). The adoption of the Tennessee Rules of Civil Procedure has not changed this rule. Although Rule 10.01 requires the caption of a complaint to name all parties, this is merely a technical requirement. *See Blanchard v. Terry & Wright, Inc.,* 331 F.2d 467, 469 (6th Cir.1964), *cert. denied,* 379 U.S. 831, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); 5 C. Wright & A. Miller, *Federal*

*Practice and Procedure* § 1321 at 460–61 (1969). The caption requirement of Rule 10 is merely for identification purposes, and does not control who is a party in the action. *Greenwood v. Ross,* 778 F.2d 448, 452 (8th Cir.1985); *Blanchard v. Terry & Wright, Inc., supra,* at 469; 5 C. Wright & A. Miller, *supra,* at 458–59. The issue of who is a proper party defendant must be determined from the allegations of the complaint. *Tyrolf v. Veterans Administration,* 82 F.R.D. 372, 374–75 (E.D.La. 1979); 5 C. Wright & A. Miller, *supra.* An examination of the complaint filed in the first action reveals that a suit against the decedent's representative was intended by plaintiff.

751 S.W.2d at 824–25.

The Court then said:

> Defendant does not contend that he did not receive either the summons or plaintiff's complaint. In fact, defendant, through his attorney, filed an answer to plaintiff's complaint. Defendant, having actual notice of plaintiff's summons and complaint, and being knowledgeable of his relationship to the estate of Annie Myrtle Hutchins, knew that plaintiff's action against the Estate was intended as a suit against defendant in his capacity as executor of the estate. *See Greenwood v. Ross,* 778 F.2d 448, 452 (8th Cir.1985); *Miller v. Director,* 146 F.Supp. 674, 676 (S.D.N.Y. 1956); *aff'd,* 243 F.2d 527 (2d Cir.1957). Defendant clearly was not prejudiced by the omission of the names of the personal representatives in the caption.

751 S.W.2d at 825.

In the case at bar, it is noted that the summons directs the sheriff to serve "any manager or officer of the Clarksville Department of Electricity," so we presume that the service on Robert Haywood complied with that directive. Service of summons and complaint upon a municipality is provided for in Tenn.R.Civ.P. 4.04(10) as follows:

> (10) Upon a municipality, by delivering a copy of the summons and of the complaint to the chief executive officer thereof, or to the city attorney.

In the case at bar, it is clear that service of process was not made as required by the rules. The Clarksville Electric Department is a nonentity, and the naming of the department as a party defendant is a misnomer. As noted, the summons was served on a manager or officer of the Clarksville Electric Department before the expiration of the statute of limitations. However, the record is totally silent as to whether the City of Clarksville had any notice of the suit before the statute of limitations expired.

Appellant contends that Tenn.R.Civ.P. 15.03 is controlling in the situation before us. The rule provides:

> **15.03. Relation Back of Amendments.**
>
> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom the claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the property party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

In view of the decision in *Goss v. Hutchins, supra,* which we have heretofore discussed, there appeared to be some question as to whether Rule 15.03 would prevent relation back when there was merely a misnomer as to the party defendant and proper service was made even after the running of the statute of limitations.

However, our Supreme Court has resolved this question in *Duke v. Replogle Enterprises,* 891 S.W.2d 205 (Tenn.1994). In the case, Duke was employed as timber cutter for

Nathan Replogle and sustained an injury for which he sought benefits under the workers compensation act. He filed a suit against the defendant using the name Replogle Enterprises, a/k/a Replogle Sawmill. His injury occurred February 1, 1991, and the suit was filed January 31, 1992. Service of summons was made on Nathan Replogle on February 4, 1992, which was subsequent to the one year statute of limitation. *Id.* at 205–06.

Nathan Replogle filed a motion to dismiss averring that Replogle Enterprises, a/k/a Replogle Sawmill had no legal existence and was not capable of being sued and furthermore Tenn.R.Civ.P. 15.03 would not allow an amendment to add a new party defendant to relate back to the date of the original complaint where the added party received notice after the statute of limitations had run. The Court, in affirming the trial court's dismissal of the action, stated:

> While the original Complaint was timely filed, it is conceded that the statute of limitations had run when the defendant received notice of both the original Complaint, on 4 February 1992, and Certificate of Service attached to the plaintiff's March, 1992 Motion to Amend the improperly styled Complaint. Therefore, the defendant argues, under the terms of Rule 15.03 and the accompanying Advisory Comments, the plaintiff's claim is time barred. Considering the clear language of 15.03, the Committee's Comments and case precedent, we must agree.
>
>> [A] party sought to [be] added by amendment must receive notice of the lawsuit before the limitation period expires, in order for the amendment to relate back to the filing of the complaint.
>
> *Allen v. River Edge Motor Lodge*, 861 S.W.2d 364[, 365] (Tenn.App.1993). The United States Supreme Court, interpreting the identical federal counterpart, Federal Rules of Civil Procedure 15(c) (since amended to avoid this very result) declined "to temper plain meaning of the language by grafting upon it an extension of the limitations period ..." *Schiavone v. Fortune*, 477 U.S. 21, 30, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986).

> As Rule 15.03 now stands, had the service of process on Nathan Replogle been *served* before the expiration of statutory limitations, the plaintiff's amendment to add the proper party-defendant would have related back to the date of the original complaint and the case would not have been time barred.

891 S.W.2d at 206–07 (emphasis in original).

As previously noted, there is nothing in this record to indicate that the City of Clarksville had notice of the suit prior to the expiration of the statute of limitations. Considering the above authority, the case must be dismissed. Accordingly, the order of the trial court is vacated, and plaintiff's suit is dismissed. Costs of the appeal are assessed against the appellee.

TOMLIN, P.J., W.S., and FARMER, J., concur.