IN THE COURT OF APPEALS OF TENNESSEE

RICHARD C. CANADA and wife ) C/A NO. 03A01-9606-CV-00182
SHARON CANADA, ) BRADLEY COUNTY CIRCUIT COURT
)
    Plaintiffs-Appellants, )
)
)
)
v. )
)
)
)
ACE CODENT, ZAHN DENTAL COMPANY, )
INC., and HENRY SCHEIN, INC., )
)
    Defendants, )
)
)
and )
)
)
ACECODENT INCORPORATED, )
) HONORABLE EARLE G. MURPHY,
    Defendant-Appellee. ) JUDGE

FILED

September 23, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellants

JIMMY W. BILBO
Logan, Thompson, Miller, Bilbo,
 Thompson & Fisher, P.C.
Cleveland, Tennessee

For Appellee

DAVID F. HENSLEY
Milligan, Barry, Hensley
 & Evans
Chattanooga, Tennessee

O P I N I O N

APPEAL DISMISSED
REMANDED

Susano, J.

This products liability action was dismissed by the trial court on motion of Acecodent Incorporated.[1]  The plaintiffs appeal, presenting one narrow issue that raises the following question:

> Did the trial court err when it found that Rule 15.03, Tenn. R. Civ. P., as amended effective July 1, 1995, could not be given retrospective application to insulate the plaintiffs' causes of action from Acecodent Incorporated's defense of the statute of limitations?

Also before us is the motion of Acecodent Incorporated to dismiss this appeal.  That motion is predicated on the failure of the appellants to serve a copy of their notice of appeal on the clerk of this court as required by Rule 5(a), T.R.A.P.  We will first consider the motion to dismiss the appeal.

I

The appellants timely filed a notice of appeal with the clerk of the trial court.  They also timely served a copy of the notice on the appellee, Acecodent Incorporated; however, they failed to serve a copy of the notice on the clerk of this court as required by Rule 5(a), T.R.A.P., which provides, in pertinent part, as follows:

> Not later than 7 days after filing notice of appeal, the appellant in a civil action shall serve a copy of the notice of appeal . . . on

---

[1]The final judgment in this case as to Ace Codent and Acecodent Incorporated was entered pursuant to Rule 54.02, Tenn. R. Civ. P.  The case is apparently proceeding at the trial level as to the other defendants.

2

the clerk of the appellate court designated
in the notice of appeal.

It is clear that an appellate court has the authority
to suspend Rule 5(a) as it pertains to the requirement that an
appellant serve a copy of the notice of appeal on the clerk of
the appellate court.  That authority is found in Rule 2,
T.R.A.P.:

> For good cause, including the interest of
> expediting decision upon any matter, the
> Supreme Court, Court of Appeals, or Court of
> Criminal Appeals may suspend the requirements
> or provisions of any of these rules in a
> particular case on motion of a party or on
> its motion and may order proceedings in
> accordance with its discretion, except that
> this rule shall not permit the extension of
> time for filing a notice of appeal prescribed
> in rule 4, an application for permission to
> appeal prescribed in rule 11, or a petition
> for review prescribed in rule 12.

See also *G. F. Plunk Const. Co., Inc. v. Barrett Properties,
Inc.*, 640 S.W.2d 215, 216 (Tenn. 1982); but it is abundantly
clear that a precondition to a waiver under Rule 2 is a showing
of "good cause."  *Id.* at 217.

In the *G. F. Plunk* case, the appellant failed to serve
a copy of its notice of appeal on the clerk of the Court of
Appeals.  It also failed to serve a copy on opposing counsel.
The operative facts before the court in *G. F. Plunk* were stated
by the Supreme Court as follows:

> It is undisputed that neither opposing
> counsel nor the clerk of the Court of Appeals

3

> received a copy of appellant's notice of appeal. Counsel for appellant candidly admits that neither he nor his secretary has an independent recollection of having mailed a copy of the notice of appeal to opposing counsel and the clerk of the Court of Appeals, but nevertheless believes that it was done.

*Id*. at 216. While recognizing that an appellate court has the authority under Rule 2, T.R.A.P., to waive the requirements of service of the notice of appeal on opposing counsel and on the clerk of the appellate court, the Supreme Court in ***G. F. Plunk*** refused to do so and consequently affirmed the judgment of the Court of Appeals dismissing the appeal. In so holding, the Supreme Court opined that a "mere good faith belief that a routine office chore has been timely performed" was insufficient to show "good cause." *Id*. at 218.

In the instant case, the appellants have totally failed to present to us any "cause," good, bad or otherwise, for their failure to serve a copy of their notice of appeal on the clerk of this court. In the absence of a showing of good cause, we do not believe that we can or should invoke the provisions of Rule 2, to absolve appellants of their obligation to fully comply with Rule 5(a), T.R.A.P.

The facts of the instant case are substantially the same as those presented to us in the recent unreported case of ***Cobb v. Beier***, C/A No. 03A01-9602-CV-00051 (Tenn. App. July 3, 1996, at Knoxville, Franks, J.) We adhere to our decision in ***Cobb***; but would note, in passing, that the losing party in that

4

case filed an application for permission to appeal with the Supreme Court on August 6, 1996. That application is still pending.

We find that the appellee's motion to dismiss the appeal is well taken and accordingly dismiss this appeal.

II

We recognize that there may be further appellate review in this case. This prompts us to examine the substantive issue advanced by the appellants. Since the trial court ultimately considered all of the affidavits filed by the parties, we will treat the action of the trial court as one for summary judgment. *See* Rule 12.02, Tenn. R. Civ. P. We are obliged to affirm the trial court's grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56.03, Tenn. R. Civ. P.

The original complaint in this case was filed on May 19, 1995. In it, the plaintiffs, now appellants, alleged that the plaintiff Richard C. Canada[2] suffered personal injuries on May 21, 1994, as a result of a defective product manufactured and distributed by a number of defendants, one of whom is identified

---

[2]The plaintiff Sharon Canada is the wife of Richard C. Canada; her claim is for loss of consortium.

5

in the original complaint as "Ace Codent."  Unbeknownst to the plaintiffs at that time, the full legal name of the entity sought to be sued in this case is Acecodent Incorporated.

On July 26, 1995, outside the applicable period of limitations,[3] the summons and a copy of the original complaint were received at the corporate offices of Acecodent Incorporated.

On September 1, 1995, a motion to dismiss was filed below, asserting that "Ace Codent" was a "non-entity" who "does not legally exist and does not have the capacity to be sued."  In apparent response to this motion, the plaintiffs, on September 13, 1995, filed an amended complaint to "correct[] the name of the defendant, Ace Codent to Acecodent Incorporated." Thereafter, Acecodent Incorporated filed a motion to dismiss based on the statute of limitations.  It is supported in the record by the affidavit of Jin Hwang, one of the owners of Acecodent Incorporated.  In her affidavit, Ms. Hwang asserts that prior to July 26, 1995, the company "had no knowledge of . . . the filing of a lawsuit by Richard and Sharon Canada."

The plaintiffs attempted to controvert the Hwang affidavit by filing the affidavit of their counsel, Jimmy W. Bilbo.  Mr. Bilbo's affidavit recites that he spoke by telephone with a woman at the offices of Acecodent Incorporated on May 18, 1995, within the one-year limitations period.  He states that he called to get the company's name and address.  His affidavit continues:

_____

[3]T.C.A. § 28-3-104.

> When I verified the name of the defendant
> over the telephone to the representative at
> the defendant office in Flushing, New York, I
> spelled out the name Ace Codent as two words.
> The representative/ agent of the defendant
> verified that I had the name correct.  For
> that reason, the action was filed against Ace
> Codent instead of Acecodent Incorporated.

Mr. Bilbo says that the person to whom he spoke asked him why he needed to verify the name and address, and he "told her [he] was filing a lawsuit against the company."

The appellants concede in their brief that "[t]he amended complaint was filed and served after the statute of limitations had run on plaintiffs' claim."  They argue, however, that Rule 15.03, Tenn. R. Civ. P., as amended effective July 1, 1995, applies to their amended complaint (filed September 13, 1995) so that the filing of the amended complaint relates back to the date of filing of the original complaint, thus saving their claim against Acecodent Incorporated.

It is clear, and the appellants seem to concede, that the wording of Rule 15.03 prior to July 1, 1995, precludes a finding in this case that the amended complaint was timely filed. That version of the Rule provided, in pertinent part, as follows:

> An amendment changing the party against whom
> a claim is asserted relates back . . . if,
> within the period provided by law for
> commencing the action against him, the party
> to be brought in by amendment (1) *has
> received such notice of the institution of
> the action* that he will not be prejudiced in
> maintaining his defense on the merits, and
> (2) knew or should have known that, but for a
> misnomer or other similar mistake concerning
> the identity of the proper party, the action

> would have been brought against him. Except
> as above specified, nothing in this rule
> shall be construed to extend any period of
> limitations governing the time in which any
> action may be brought.

(Emphasis added). This version of the Rule was addressed in the Supreme Court case of **Duke v. Replogle Enterprises**, 891 S.W.2d 205 (Tenn. 1994). In **Duke**, a workers' compensation action was filed against "Replogle Enterprises, a/k/a Replogle Sawmill." In fact, the actual employer was Nathan Replogle, a sole proprietor, doing business as Replogle Enterprises, Replogle Sawmill. The original complaint was served on Nathan Replogle on February 4, 1992, the third day following the expiration of the one-year statute of limitations. On March 10, 1992, the plaintiff filed a motion to amend "to include the name of Nathan Replogle as a defendant." *Id*. The plaintiff there argued that the amended complaint related back to the date of filing of the original complaint. Despite the striking similarity in names, the Supreme Court held that the suit against Mr. Replogle was time-barred. In affirming the trial court's dismissal of the plaintiff's cause of action, the Supreme Court pointed out that

> [a]s Rule 15.03 now stands, had the service
> of process on Nathan Replogle been *served*
> before the expiration of statutory
> limitations, the plaintiff's amendment to add
> the proper party-defendant would have related
> back to the date of the original complaint
> and the cause would not have been time
> barred.

*Id*. at 207. (Emphasis in **Duke** opinion).

8

As far as the earlier version of Rule 15.03 is concerned, **Duke** controls here. The fact that the appellants' counsel advised an agent of Acecodent Incorporated, within the period of limitations, that he "was filing a lawsuit against the company," does not satisfy the language of either version of Rule 15.03. The earlier version of the Rule provided an "escape" clause if, and only if, two requirements[4] were met and then only if those requirements were met *during the applicable period of limitations*. As pertinent here, it was incumbent upon the appellants to show that Acecodent Incorporated had "received such notice of the *institution* of the action that he will not be prejudiced in maintaining his defense on the merits," before the limitations period expired. Rule 15.03, Tenn. R. Civ. P., before the July 1, 1995, amendment. (Emphasis added). This is not the same as showing the defendant knew that the plaintiffs *intended* to file suit.

The appellants seem to recognize that the earlier version of Rule 15.03 is of no help to them because they argue that Rule 15.03, as amended effective July 1, 1995, applies to an amended complaint filed after that date. Under the facts of this case, we do not agree with the appellants' contention.

It is true that Rule 15.03 was amended[5] effective July 1, 1995, to avoid, at least during an expanded time frame, what the Advisory Commission referred to as the "unfortunate result"

---

[4]The two requirements were also carried over into the new version of Rule 15.03.

[5]The amendment "tacked on" to the statute of limitations an additional 120 days within which the requirements for relation back could be satisfied.

9

of those cases where, because of a misnomer, the correct defendant is not required to defend on the merits.  It is likewise true that if the Rule as amended effective July 1, 1995, applies to the amended complaint, it serves to "save" the appellants' cause of action from Acecodent Incorporated's defense of the statute of limitations because the amended complaint was served within 120 days of the expiration of the statute of limitations.

Significantly, the statute of limitations as to the appellants' claims against Acecodent Incorporated expired prior to the effective date of the amendment to Rule 15.03.  As previously indicated, the appellants concede this in their brief.

Once a statute of limitations bars a claim under then-existing law, it cannot be revived by subsequently enacted legislation.  ***Girdner v. Stephens***, 48 Tenn. 280, 286 (Tenn. 1870).  This proposition finds a constitutional basis in Article I, Section 20, of the Tennessee Constitution:

> . . . no retrospective law, or law impairing the obligations of contracts, shall be made.

The Supreme Court has stated that "retrospective" laws are

> generally defined, from a legal standpoint, as those which take away or impair vested rights acquired under existing laws or create a new obligation, impose a new duty, or attach a new disability in respect of transactions or considerations already passed.

10

*Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn. 1978).

In the *Girdner* case, the Supreme Court set forth the controlling proposition in the instant case:

> It has long been the law in Tennessee that when a cause of action is barred by a statute of limitation, in force at the time the right to sue arose, and until the time of limitation expired, that the right to rely upon the statute as a defense is a vested right that can not be disturbed by subsequent legislation.

*Girdner*, 48 Tenn. at 286. *See also* *Henderson v. Ford*, 488 S.W.2d 720, 722 (Tenn. 1972); *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 775 (Tenn. App. 1983); *Morford v. Yong Kyun Cho*, 732 S.W.2d 617, 620 (Tenn. App. 1987); *Buckner v. GAF Corp.*, 495 F. Supp. 351, 353 (E.D. Tenn. 1979).

The appellants are correct that the July 1, 1995, amendment to Rule 15.03 is "remedial or procedural in nature." *Cf.* *Kee v. Shelter Insurance*, 852 S.W.2d 226, 228 (Tenn. 1993). Generally, "[s]uch statutes apply retrospectively, not only to causes of action arising before such acts become law, but also to all suits pending when the legislation takes effect, unless the legislature indicates a contrary intention or immediate application would produce an unjust result." *Id.* *See also* *Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn. 1976). However, this proposition is subject to still another exception that is critical in this case:

11

> . . . retrospective application of a remedial
> or procedural statute is constitutionally
> forbidden *if it takes away a vested right* or
> impairs contractual obligations.

***Kee***, 852 S.W.2d at 228.  (Emphasis added).


When the one-year anniversary of the appellants' causes of action passed into history without a suit being filed specifically naming Acecodent Incorporated as a defendant, that entity acquired a vested right in the defense of the applicable one-year statute of limitation.  It cannot thereafter be constitutionally deprived of that vested right by the amendment to Rule 15.03.


There are no disputed material facts in this case.  The facts before us show that the appellee, Acecodent Incorporated, is entitled to summary judgment.  The trial court was correct in granting same.  Assuming, for the purpose of argument, that this appeal is properly before us, we find and hold that the appellants' single issue on appeal is without merit.


The appeal in this case is hereby dismissed.  Costs of the appeal are taxed to the appellants.  This case is remanded for the collection of costs assessed below, pursuant to applicable law.


_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, J.


_____
Don T. McMurray, J.

IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

**September 23, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RICHARD C. CANADA and wife          )
SHARON CANADA                       )
                                    )
        Plaintiffs-Appellants       )
                                    )
                                    )
    v.                              )
                                    )
                                    )
ACE CODENT, ZAHN DENTAL COMPANY, )    BRADLEY COUNTY
INC., and HENRY SCHEIN, INC.        )    03A01-9606-CV-00182
                                    )
                                    )
        Defendants                  )
                                    )
                                    )
    and                             )
                                    )
                                    )
ACECODENT INCORPORATED              )
                                    )
        Defendant-Appellee          )

CONCURRING OPINION

Although I dissented in the case of <u>Cobb v. Brier</u>, cited in the majority opinion, which was the first time, to my knowledge, that this Court had dismissed an appeal for failure to file a copy of the notice of appeal with the Appellate Court Clerk, I recognize that <u>Cobb</u>, unless overturned by the Legislature or the Supreme Court, is the settled law as to the question.

14

I also concur in the majority's treatment of the merits of the appeal.

_____
Houston M Goddard, P.J.

15