IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

FILED

October 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

| | | |
|---|---|---|
| LINDA GRANTHAM and WILBURN GRANTHAM, | ) | **Filed:**  October 27, 1997 |
| | ) | |
| APPELLANTS, | ) | MADISON CIRCUIT |
| | ) | NO. C-94-46 |
| v. | ) | |
| | ) | |
| JACKSON-MADISON COUNTY GENERAL HOSPITAL DISTRICT, | ) | HON. WHIT LAFON, JUDGE |
| | ) | |
| APPELLEE. | ) | NO. 02S01-9611-CV-00095 |

FOR APPELLANTS:

William G. Hatton
Bolivar

FOR APPELLEE:

Jerry D. Kizer, Jr.
Dale Conder, Jr.
Jackson

# O P I N I O N

COURT OF APPEALS REVERSED;                    HOLDER, J.
TRIAL COURT AFFIRMED

## OPINION

This appeal addresses a plaintiff's ability to amend a complaint to reflect a defendant's correct name under the relation back provisions of Rule 15.03. The trial court permitted the plaintiffs to amend their complaint. The appellate court reversed, holding that the plaintiffs were precluded from amending their complaint to reflect a new defendant because notice was served on the defendant after the expiration of the statute of limitations. We reverse the appellate court and hold that: (1) the amendment did not name a new party for purposes of Rule 15.03; and (2) the amendment relates back to the original filing of the complaint.

## BACKGROUND

The plaintiffs, Linda and Wilbur Grantham, filed suit against the defendant, Jackson-Madison County Hospital District, alleging that Ms. Grantham sustained injuries when she fell in defendant's parking lot on February 20, 1993. Their complaint was filed on February 18, 1994, and named Jackson-Madison County General Hospital as the defendant. The hospital's agent for service of process was served on February 24, 1994.

The hospital filed a motion to dismiss arguing that the plaintiff omitted the word "District" from its name and that Jackson-Madison County General Hospital was not a legal entity capable of being sued. The plaintiffs filed a motion to amend their complaint to include the word "District." The trial court granted the plaintiffs' motion. The Court of Appeals reversed, finding that the plaintiffs were attempting to add a new party. The appellate court held that the amendment did

2

not relate back to the filing of the original complaint because the defendant was served after the expiration of time for commencement of action.

## ANALYSIS

The present case is controlled by Tenn. R. Civ. P., Rule 15.03.  Although Rule 15.03 has been amended, the plaintiffs' action was filed prior to the effective date of the 1995 amendment.[1]  The rule in effect when the plaintiffs' suit was initiated read as follows:

> 15.03 Relation Back of Amendments.  Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrences set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.  An amendment changing the party against whom the claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by the amendment (1)  has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2)  knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him.  Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

Accordingly, there are two inquiries under Rule 15.03:  (1)  did the amendment change or add a new party; and (2)  if so, did the amending party satisfy the notice requirements.  Amendments neither changing nor adding a new party may relate back to the time of the original pleading without the second inquiry being made.

---

[1]Rule 15.03 was amended to allow relation back if the new party to be brought in by amendment has received notice of the institution of the action within 120 days of commencement of the action.  Tenn. R. Civ. P., Rule 15.03.

The defendant contends and the appellate court found that this case is controlled by Duke v. Replogle Enterprises, a/k/a/ Replogle Sawmill, 891 S.W.2d 205 (Tenn. 1994). In Duke, this court held that amendments adding a new party will relate back to the time of the original complaint only if the new party being added had notice of the original filing prior to the expiration of the statute of limitations. Id. at 206. Duke, however, did not address a mislabeling of the correct party.

We believe that the plaintiffs did not select the wrong defendant but simply mislabeled the right defendant. Plaintiffs properly identified the defendant in several respects. They referred to the defendant as a health care facility doing business in Madison County, Tennessee. They served the complaint on the defendant's proper agent for service of process at defendant's place of business. They also approximated the defendant's name in the caption of the complaint as "Jackson-Madison County General Hospital." The defendant's correct name is "Jackson-Madison County General Hospital District." Every word in the plaintiffs' designation appears in the correct designation. The sole difference is that the plaintiffs omitted the word "District." See Datskow v. Teledyne, 899 F.2d 1298 (2nd Cir. 1990) (holding amendment did not add new party where Teledyne, Inc. was amended to Teledyne Industrial, Inc.).

The facts in this case may be contrasted with those in Duke v. Replogle Enterprises, a/k/a Replogle Sawmill, 891 S.W.2d 205 (Tenn. 1994). The plaintiff in Duke filed a complaint against "Replogle Enterprises, a/k/a, Replogle Sawmill." The plaintiff then attempted to amend the complaint to include the name of an individual, Nathan Replogle. Id. at 205. This Court found that the amendment added a new party and was subject to the notice requirements under Tenn. R. Civ. P., Rule 15.03. Id. at 206.

4

Unlike Duke, the plaintiffs in the present case are not attempting to add the name of an individual or another business. They are merely attempting to correct the mislabeling of the party they intended to sue. We find that the approximation in the original complaint was sufficiently close to prevent prejudice by apprising the defendant it was being sued. The amended complaint's claim "arose out of the same conduct, transaction or occurrence set forth . . . in the original [complaint]." Tenn. R. Civ. P., Rule 15.03. The requirements of Rule 15.03 have been satisfied, and the plaintiffs should be allowed to amend their complaint. Costs of this appeal are taxed to the appellee, Jackson-Madison County General Hospital District, for which execution may issue if necessary.

_____
Janice M. Holder, Justice

**Concurring:**

Anderson, C.J.
Drowota, Reid, and Birch, J.J.