IN THE COURT OF APPEALS OF TENNESSEE

FILED

December 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| RICHARD C. CANADA and wife SHARON CANADA, | ) C/A NO. 03A01-9606-CV-00202 |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) APPEAL AS OF RIGHT FROM THE |
| ACE CODENT, ZAHN DENTAL COMPANY, | ) BRADLEY COUNTY CIRCUIT COURT |
| INC., and HENRY SCHEIN, INC., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| | ) |
| ACECODENT INCORPORATED, | ) |
| | ) HONORABLE EARLE G. MURPHY, |
| Defendant-Appellee. | ) JUDGE |

For Appellants

JIMMY W. BILBO
Logan, Thompson, Miller, Bilbo,
 Thompson & Fisher, P.C.
Cleveland, Tennessee

For Appellee

DAVID F. HENSLEY
Milligan, Barry, Hensley
 & Evans
Chattanooga, Tennessee

O P I N I O N

REVERSED AND REMANDED                                    Susano, J.

By order entered December 15, 1997, the Supreme Court remanded this case to us for further consideration in light of its opinion in *Grantham v. Jackson-Madison County General Hospital District*, 954 S.W.2d 36 (Tenn. 1997).

In *Grantham*, the plaintiffs filed suit on February 18, 1994, against a defendant identified in the original complaint as Jackson-Madison County General Hospital. On February 24, 1994, four days after the statute of limitations had expired on the plaintiffs' tort claims, the complaint was served on the agent for service of process for Jackson-Madison County General Hospital *District*. The hospital filed a motion to dismiss, arguing that the plaintiffs had omitted the word "District" from the hospital's name and that Jackson-Madison County General Hospital was not a legal entity. The trial court allowed an amendment to the complaint to reflect the hospital's correct name; but the Court of Appeals reversed, finding that the plaintiffs were attempting to add a new party after the period of limitations had expired. In so ruling, the Court of Appeals "held that the amendment did not relate back to the filing of the original complaint because the defendant was served after the expiration of time for commencement of action." *Id*. at 37.

The Supreme Court reversed the Court of Appeals and affirmed the trial court. In the course of its opinion, the Supreme Court stated as follows:

> We believe that the plaintiffs did not select the wrong defendant but simply mislabeled the right defendant. Plaintiffs properly

2

> identified the defendant in several respects. They referred to the defendant as a health care facility doing business in Madison County, Tennessee. They served the complaint on the defendant's proper agent for service of process at defendant's place of business. They also approximated the defendant's name in the caption of the complaint as "Jackson-Madison County General Hospital." The defendant's correct name is "Jackson-Madison County General Hospital District." Every word in the plaintiffs' designation appears in the correct designation. The sole difference is that the plaintiffs omitted the word "District."
>
>            \*     \*     \*
>
> ...the plaintiffs in the present case are not attempting to add the name of an individual or another business. They are merely attempting to correct the mislabeling of the party they intended to sue. We find that the approximation in the original complaint was sufficiently close to prevent prejudice by apprising the defendant it was being sued. The amended complaint's claim "arose out of the same conduct, transaction or occurrence set forth...in the original [complaint]." Tenn.R.Civ.P., Rule 15.03. The requirements of Rule 15.03 have been satisfied, and the plaintiffs should be allowed to amend their complaint.

*Id.* at 37–38.

In the instant case, the caption of the original complaint identified the relevant defendant as follows:

> ACE CODENT, a New York corporation whose registered agent for service of process is Kyung-Jin Koh, 4370 Kissena Blvd., Flushing, New York, 11355

That complaint was filed on May 19, 1995. It sought damages arising out of personal injuries sustained by the plaintiff

3

Richard C. Canada in an accident on May 21, 1994. It alleged that the damages were proximately caused by a defective product manufactured by Ace Codent.

As in the **Grantham** case, the complaint in the instant case was served on an agent for the correct party, Acecodent Incorporated, after the one-year statute of limitations had expired. As in **Grantham**, the defendant Acecodent Incorporated argues that the plaintiffs in the instant case attempted to name a *new* party after the one-year statute of limitations had run, and that the amendment did not relate back to the original filing under the language of the then-existing version of Rule 15.03, Tenn.R.Civ.P.[1]

The instant case is controlled by **Grantham**. The plaintiffs in the case at bar approximated the defendant's correct name in the original complaint. The words "Ace Codent" appear -- albeit as one word -- in the correct designation as set forth in the amended complaint. An agent for the correct

---

[1]Rule 15.03, Tenn.R.Civ.P., as applicable to this case, provided as follows:

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

4

defendant was served with process.  As the Supreme Court said in *Grantham*, "the approximation in the original complaint was sufficiently close to prevent prejudice by apprising the defendant it was being sued." *Id.* at 38.  Following *Grantham*, we hold that the amended complaint in this case relates back to the filing of the original complaint and thus is not subject to the bar of the one-year statute of limitations.  Accordingly, our holding to the contrary was error as was the trial court's grant of summary judgment based upon the bar of the statute of limitations.

Our judgment of June 9, 1997, is hereby vacated and held for naught.  Furthermore, the judgment of the trial court is reversed.  This case is remanded for further proceedings, consistent with this opinion.  All costs on appeal are taxed against the appellee, Acecodent Incorporated.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.



_____
Don T. McMurray, J.